## J. Frank Lasley, Appellant, v. Tazewell Coal Company, Appellee.

WORKMEN'S COMPENSATION ACT—*attorney as not entitled to lien on payments.* Section 21 of the Workmen's Compensation Act (Cahill's Ill. St. ch. 48, ¶ 221) precludes an attorney from obtaining a lien upon payments due to a workman, for professional services rendered in prosecuting the claim under the act.

Appeal from the Circuit Court of Tazewell county; the Hon. T. N. GREEN, Judge, presiding. Heard in this court at the April term, 1921. Affirmed. Opinion filed October 25, 1921.

CURRAN & DEMPSEY, for appellant.

WILLIAM A. POTTS, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

J. Frank Lasley, the appellant, instituted this suit in the circuit court of Tazewell county against the appellee, Tazewell Coal Company, to enforce a lien for attorney's fees, which he claims he is entitled to under the Attorney's Lien Act of 1909 (Cahill's Ill. St. ch. 48, ¶ 221). The declaration alleges that the appellant is an attorney, and that as such he was employed by one Anton Lodi to prosecute a claim against the appellee under the Workmen's Compensation Act to secure compensation for certain injuries which Lodi suffered in the course of his employment as a miner; and that acting as such attorney he obtained, in due course of a proceeding instituted under the act, an award, requiring the appellee to pay to Lodi the sum of $40.26 per month for a period of 86 months; also the sum of $37.64 for another month; and to pay thereafter the sum of $23.33 per month as pension during the lifetime of Lodi, on the basis of the total disability of Lodi, which he appears to have suffered on account of the in-

juries received; that appellant filed a petition in accordance with the provisions of the Compensation Act, namely section 16 (Cahill's Ill. St. ch. 48, ¶ 216), to have his attorney's fees fixed by the Industrial Commission; and that the Industrial Commission, in conformity to the prayer of the petition, fixed an attorney's fee of $400 for the services rendered by him for Lodi; that the appellant thereupon duly notified the appellee of his claim for a lien for such attorney's fee, upon the moneys due said Lodi from the appellee under the award referred to; and that the appellee refused to pay the attorney's fee, or any part thereof, to the appellant under said lien. A demurrer was sustained to the declaration, and appellant abided by his declaration. The court thereupon rendered judgment in favor of the appellee, and from this judgment an appeal is prosecuted. We are of opinion that the demurrer was properly sustained. Section 21 of the Workmen's Compensation Act (Cahill's Ill. St. ch. 48, ¶ 221) referred to precludes the enforcement of any lien against the instalments or payments which were to be made to Lodi by the appellee under the award in question. The language of this section is clear and conclusive. It directs that "No payment, claim, award or decision under this act shall be assignable or subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or damages." There is nothing in the other sections of the act which in any way conflicts with the provisions referred to, and the purpose of the legislature is evident; it undoubtedly intended that no lien of any kind should be allowed to intervene to prevent the workman from receiving the benefit of the monthly compensation awarded to him. While it is true that the rule for the construction of statutes is as stated by counsel for appellant, it is also apparent that this rule cannot have application to the matter here presented, or to any case where the intention of the legislature is clearly

expressed.  In that kind of a case there is no room for construction.  And the intention of the legislature must be inferred from the ordinarily and generally accepted meaning of the words of an enactment.  *Culver v. Waters*, 248 Ill. 163.  The words "any lien" in section 21 referred to obviously include the liens provided for by the act creating attorney's liens.

Judgment is affirmed.

*Affirmed.*