(No. 37803.—

JESSE GUNNELS, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Fisher Body Division, General Motors Corp., Defendant in Error.)

*Opinion filed January 22, 1964.*

KATZ & FRIEDMAN, of Chicago (HAROLD A. KATZ, IRVING M. FRIEDMAN, JEROME SCHUR, and ARTHUR BRODY, of counsel,) for plaintiff in error.

POPE, BALLARD, URIELL, KENNEDY, SHEPARD & FOWLE, of Chicago, (LEWIS J. WEST, THOMAS D. NYHAN, and ALAN C. GARRETT, of counsel,) for defendant in error.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

On January 14, 1963, the superior court of Cook County entered an order in a *certiorari* proceeding restraining the petitioner, Jesse Gunnels, from proceeding with a petition in this cause before the Industrial Commission of Illinois seeking a penalty for underpayment of compensation under section 19(k) of the Workmen's Compensation Act. We have heretofore granted Gunnels's petition for writ of error to review this order.

This case must be considered in the light of the prior proceedings before the Industrial Commission and the court. In 1959 the petitioner, Gunnels, received an award from an arbitrator of the Industrial Commission for injuries sustained in the course of his employment. The award allowed petitioner payment for 53 weeks temporary total disability totaling $1802; 233 weeks permanent partial disability totaling $7448; and $414.93 for medical expenses. The award further stated as follows: "The Arbitrator further finds that said petitioner was paid weekly benefits in the sum total of $1430.00, under a group insurance plan, contributed to by the respondent, and said respondent is entitled to credit therefor against its liability for the payment of compensation for temporary total incapacity for work, as provided in paragraph (j) of Section 8 of said Act."

On February 4, 1960, the Commission confirmed the award. Thereafter the employer sought a review of the

award in the superior court by writ of *certiorari*. On March 15, 1961, the superior court entered an order, (1) reducing the award for temporary total disability from 53 weeks to 6 and 3/7ths weeks; (2) setting aside the award of $414.93 for medical services; and (3) affirming the rate of the award for permanent partial disability, and providing it should run to the maximum statutory limitation which was $9250.

Thereafter the employer paid petitioner $7,862.94 in purported settlement of the award. On November 21, 1962, Gunnels filed a petition under section 19(k) of the Workmen's Compensation Act (Ill. Rev. Stat. 1961, chap. 48, par. 138.19(k),) claiming that he was entitled to a total amount of $9,031.43. The petition sought an order fixing the amount of compensation due, and the penalty provided by section 19(k).

Prior to a hearing on the 19(k) petition, the employer, Fisher Body Division, General Motors Corporation, filed an unverified motion in the original cause on *certiorari* in the superior court to restrain the petitioner from proceeding with his 19(k) petition before the Industrial Commission. After argument, the trial court found that the award made by the order of March 15, 1961, had been fully paid and entered an order restraining petitioner from proceeding with his 19(k) petition. Thereafter petitioner filed a motion to vacate and seeking leave to file an answer and for a hearing, which motion was denied. Petitioner, Gunnels, now seeks to review both orders by writ of error.

Petitioner insists that the trial court was without jurisdiction to restrain his section 19(k) proceeding before the Industrial Commission, while respondent argues that the restraining order was proper to prevent an unauthorized administrative review of a final order of the superior court.

While the posture of the case before us raises basic procedural and jurisdictional questions, they are grounded on a dispute between the parties as to the amount of credit

to be allowed for group insurance benefits paid by the employer. The employer claims it is entitled to a credit of $1430, while the employee argues that the credit must be limited to the amount of the final award for temporary total disability or $218.58.

The decision of the Commission gave the employee the equivalent of $1802 . for temporary total disability and $7448 for permanent partial disability or the statutory maximum of $9250. The decision also granted the employer a credit for benefits paid under a group insurance plan in the amount of $1430, "against its liability for the payment of compensation for *temporary* total incapacity for work, as provided in paragraph (j) of Section 8 of said Act." Therefore under the order of the Commission the full credit could be taken against the $1802 award for temporary total disability.

On *certiorari*, however, the order of the superior court cut down the award for temporary total disability to an equivalent of $218.58, while remaining silent as to the credit provisions of the Commission's order. Section 8(j), (Ill. Rev. Stat. 1961, chap. 48, par. 138.8(j),) specifically provides that such credits shall only be applicable against temporary total disability payments.

It is conceded by both parties that the superior court order of March 15, 1961, awarded the employee the statu-tory maximum of $9250 less an appropriate credit. The amount of the credit is not spelled out in the trial court's order except by its affirmance of that part of the Commission order. An attempt to specifically set forth the application of the credit was deleted from the trial court's order prior to its entry.

The order of the superior court, which is now final and unappealable, must therefore be read in conjunction with the original award of the Commission which stands affirmed in part and set aside in part. That order provides that the

credit be applied only against the employer's liability for payment of compensation for temporary total incapacity.

The employer's justification of the restraining order of the superior court appears to be based upon the theory that it was proper as an ancillary remedy to enforce the original order of March 15, 1961. However, we can see no necessity of such an exercise of judicial power in this case. The procedure of review established by the Workmen's Compensation Act contemplates that the superior court may enter a final order awarding compensation on *certiorari.* (Ill. Rev. Stat. 1961, chap. 48, par. 138.19.) However, subsequent proceedings relating to the award must still be initiated before the Industrial Commission. (Ill. Rev. Stat. 1961, chap. 48, pars. 138.8(f), 138.9, 138.19.) The role of the circuit and superior courts in compensation proceedings is appellate only, and is limited by the provisions of the statute. *Kudla* v. *Industrial Com.* 336 Ill. 279; *Western Shade Cloth Co.* v. *Industrial Com.* 325 Ill. 570.

The statute authorized this employee to file a petition before the Commission under section 19(k) alleging underpayment of compensation. It then became the duty of the Commission to rule on that petition. Obviously the Commission, upon hearing, must refer to the prior order of the superior court. If there is ambiguity therein, such ambiguity must be resolved in the first instance by the Commission. The order of the Commission would then be subject to review under section 19(f).

Certainly the Commission has no authority to alter or reverse the final order of the superior court awarding compensation. It must, however, determine if it has been complied with as a necessary fact involved in the section 19(k) petition. On this record it does not appear that the Commission will do more. We, therefore, conclude that the superior court erred in issuing its order restraining the section 19(k) proceedings before the Commission.

We also agree with the employee that the application for an injunction was defective in that it was unverified, and that the trial court erred in issuing an injunction without bond, and in denying him a right to file an answer.

The order of the superior court of Cook County is therefore reversed.

*Order reversed.*