OAK PARK HOSPITAL, Plaintiff-Appellant, v. EUGENE SMUDA *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—90—1359

Opinion filed June 10, 1991.

Lawrence Friedman Law Offices, of Chicago (Jerry M. Salzberg, of counsel), for appellant.

No brief filed for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Oak Park Hospital, appeals from an order of the circuit court of Cook County, in a citation proceeding which, in effect, barred plaintiff's attempt to collect $558.10 from defendant Eugene Smuda for medical services. The circuit court held that the Illinois Industrial Commission had exclusive jurisdiction over defendant Eugene Smuda, who claimed at the citation examination that the medical services rendered by plaintiff were part of a pending workers' compensation claim. Plaintiff argues that it obtained a default judgment, and therefore, it is entitled to interrogate defendant Eugene Smuda regarding his nonexempt assets.

Defendants have failed to file a brief as appellees, so this cause shall be taken for consideration on the record and plaintiff's brief only. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

■■ The Workers' Compensation Act (Act) is designed to provide financial protection to workers for accidental injuries arising out of and in the course of employment. (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*) The Act imposes liability without fault upon the employer and, in return, prohibits common law suits by employees against the employer. (*Meerbrey v. Marshall Field & Co.* (1990), 139 Ill. 2d 455, 564 N.E.2d 1222.) The jurisdiction exercised by the circuit court under the Act is a special statutory jurisdiction, and the parties seeking a hearing in the circuit court under the Act must comply with all the conditions prescribed. (*Evans v. Corporate Services* (1990), 207 Ill. App. 3d 297, 565 N.E.2d 724.) Section 19(g) of the Act provides in absolute terms that, upon presentation of a certified copy of an award or decision by the Illinois Industrial Commission to the circuit court, and where no proceedings for review are pending, the court shall render a judgment in accordance therewith. (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g).) The circuit court's inquiry, however, is limited to a determination of whether the requirements of section 19(g) have been met. *Evans v. Corporate Services*, 207 Ill. App. 3d 297, 565 N.E.2d 724.

■■ In the present case, the circuit court believed that it had no jurisdiction to consider the matter because defendant had claimed in the citation proceeding that the medical services were part of a workers' compensation claim and no award or decision had been issued by the Industrial Commission. Therefore, the court concluded that plain-

tiff was not entitled to examine defendant as to his nonexempt assets in a citation proceeding. However, the proceedings of the Industrial Commission involve the employee and the employer, and we believe that this should not bar a hospital from pursuing its own independent claim against a person receiving medical services from a medical provider. Although the Industrial Commission has the power to determine the reasonableness and fix the amount of any fee charged by a hospital for any service performed in connection with the Act, the statute does not state that the hospital shall be restricted in its avenues of collection from the recipient of medical services. Ill. Rev. Stat. 1989, ch. 48, par. 138.16.

For the foregoing reasons, the order of the circuit court is reversed and the cause remanded for further proceedings consistent with this order.

Reversed and remanded.

CAMPBELL and BUCKLEY, JJ., concur.