S. JOHN MULLER, Plaintiff-Appellee, v. DAVID JONES, Defendant-Appellant.

Fourth District   No. 4—92—0739

Opinion filed April 15, 1993.—Rehearing denied June 1, 1993.

GREEN, J., specially concurring.

Robert B. Goldman, of Springfield, for appellant.

S. John Muller, of Charleston, appellee *pro se.*

JUSTICE McCULLOUGH delivered the opinion of the court:

This is an appeal by defendant David Jones from the judgment of the circuit court of Coles County awarding plaintiff S. John Muller a judgment in the amount of $2,500, plus $72.20 court costs. Plaintiff initiated this action by filing a small claims complaint seeking attorney fees. Plaintiff's theory of recovery was either the enforcement of an attorney lien or to recover on the basis of *quantum meruit*. The claimed fees arose out of representation of defendant in (1) a judicial review of a workers' compensation claim, and (2) an action to recover property damage and personal injury resulting from an automobile accident.

On appeal, defendant argues plaintiff was not entitled to the fees as a matter of law and, in any event, the evidence was insufficient to support the judgment. We reverse in part, modify the remainder of the judgment, and affirm the modified portion of the judgment.

■ It is evident from a review of the record that a portion of the judgment in this case related to plaintiff's representation of defendant in the judicial review of a workers' compensation case. (Jones v. Embarras River Basin Agency (Cir. Ct. Coles Co.), No. 90—MR—25.) Plaintiff testified that when he filed his small claims complaint in this case, he was aware that defendant had not yet received an award on the workers' compensation case. At the time of trial, he was unaware of the status of the workers' compensation case. No inquiry was made of defendant at trial concerning the current status of the workers' compensation claim.

Defendant argues that the circuit court had no jurisdiction to award such fees and that *quantum meruit* cannot be utilized as a theory to recover such fees since quasi-contractual relief cannot be utilized as a theory of recovery where a clear and unambiguous express contract exists. (*Spinak, Levinson & Associates v. Industrial Comm'n* (1990), 209 Ill. App. 3d 120, 125, 568 N.E.2d 41, 44.) We agree that the circuit court had no jurisdiction to consider an award of fees for representation in the workers' compensation judicial review proceeding. While it is clear the defendant did not raise the question of subject-matter jurisdiction in the trial court, lack of subject-matter jurisdiction may be raised at any time, even on appeal. (*Campbell v. White* (1989), 187 Ill. App. 3d 492, 504, 543 N.E.2d 607, 615.) If not settled, all questions arising under the Workers' Compensation Act (Act) are to be determined by the Illinois Industrial Commission (Commission) unless the Act provides otherwise. (Ill. Rev. Stat. 1991, ch. 48, par.

138.18.) The role of the circuit court and reviewing courts in workers' compensation proceedings is appellate only (*Gunnels v. Industrial Comm'n* (1964), 30 Ill. 2d 181, 185, 195 N.E.2d 609, 611) except where the Act provides a special statutory jurisdiction which, in order to be invoked, requires strict compliance with statutory provisions. *Oak Park Hospital v. Smuda* (1991), 214 Ill. App. 3d 1032, 1033, 574 N.E.2d 804, 805.

Judicial review of Commission awards is exclusively provided for in section 19(f) of the Act. (Ill. Rev. Stat. 1991, ch. 48, par. 138.19(f).) It is a statutory remedy, and there is no provision for an attorney to be paid for the representation of a claimant in a judicial review separate and apart from the general provisions for fees for attorneys representing claimant provided in section 16a of the Act. (Ill. Rev. Stat. 1991, ch. 48, par. 138.16a.) The statute requires that there be a contract between the attorney and the claimant and that the contract be filed with the Commission. (Ill. Rev. Stat. 1991, ch. 48, par. 138.16a(C).) The statute further provides as follows:

"(I) All attorneys' fees for representation of an employee or his dependents shall be only recoverable from compensation actually paid to such employee or dependents.

(J) Any and all disputes regarding attorneys' fees, whether such disputes relate to which one or more attorneys represents the claimant or claimants or is entitled to the attorneys' fees, or a division of attorneys' fees where the claimant or claimants are or have been represented by more than one attorney, or any other disputes concerning attorneys' fees or contracts for attorneys' fees, shall be heard and determined by the Commission after reasonable notice to all interested parties and attorneys." Ill. Rev. Stat. 1991, ch. 48, pars. 138.16a(I), (J).

The rules of the Commission provide a procedure for raising a dispute as to attorney fees and provide for partial attorney fees based on the reasonable value of services rendered. (50 Ill. Adm. Code §7080.10 (1992).) In addition, the rules provide that the first payment of an award or settlement be delivered to the attorney of record of the claimant. 50 Ill. Adm. Code §7080.20 (1992).

Since payment of fees is limited by the Act and shall not exceed 20% of the actual award (Ill. Rev. Stat. 1991, ch. 48, par. 138.16a(B)) and judicial review is an integral part of establishing the propriety of the award, it would appear the legislature intended for the Commission to have exclusive jurisdiction to consider any dispute as to attorney fees arising out of the representation of defendant in the workers' compensation case, including those relating to judicial review.

Had the legislature intended a contrary result, it could have so provided. To the extent the circuit court's judgment in the case at bar includes such fees, it must be overturned. Furthermore, any right to attorney fees is not technically a lien, as there can be no lien against a workers' compensation award. Ill. Rev. Stat. 1991, ch. 48, par. 138.21; *Lasley v. Tazewell Coal Co.* (1921), 223 Ill. App. 462, 463-64.

■ The remaining questions to be addressed concern the award of attorney fees on a *quantum meruit* theory where (1) plaintiff represented defendant in a personal injury and property damage case, (2) plaintiff and defendant had entered into a contingent-fee agreement, and (3) defendant fired plaintiff as his attorney. The first question to address is whether *quantum meruit* may be utilized in this situation to provide a method of recovery for plaintiff.

On December 13, 1991, the defendant entered into a contingent-fee agreement with plaintiff for representation by plaintiff in a claim for injuries and damages arising out of an automobile accident on December 6, 1991. However, defendant subsequently discharged plaintiff.

"In Illinois, a client has the right to discharge his attorney at any time, with or without cause. (*Rhoades v. Norfolk & Western Ry. Co.* (1979), 78 Ill. 2d 217, 399 N.E.2d 969.) A discharged attorney is entitled only to fees calculated on a *quantum meruit* basis. (*Rhoades*, 78 Ill. 2d at 227-29.) The term *quantum meruit* literally means 'as much as he deserves.' (*Van C. Argiris & Co. v. FMC Corp.* (1986), 144 Ill. App. 3d 750, 753, 494 N.E.2d 723.) The time and labor required in a given case is but one factor to be considered in assessing a reasonable attorney fee under the doctrine of *quantum meruit.* (*Johns v. Klecan* (1990), 198 Ill. App. 3d 1013, 1019, 556 N.E.2d 689.) Other factors to be considered include the attorney's skill and standing, the nature of the cause and the novelty and difficulty of the subject matter, the degree of responsibility in managing the cause, the usual and customary charge in the community, and the benefits resulting to the client. (*Neville v. Davinroy* (1976), 41 Ill. App. 3d 706, 711, 355 N.E.2d 86.) The circuit court's decision regarding whether to award attorney fees is a matter within its discretion and, upon review, will not be disturbed absent abuse of that discretion. *Lurie v. Canadian Javelin Ltd.* (1982), 93 Ill. 2d 231, 443 N.E.2d 592." *Lee v. Ingalls Memorial Hospital* (1992), 232 Ill. App. 3d 475, 478-79, 597 N.E.2d 747, 749-50.

At the bench trial, defendant testified there had yet been no settlement or judgment in the action arising out of the automobile accident. Plaintiff testified that with regard to the automobile accident case, he did not have time sheets, but with the help of his secretary, he determined he spent a total of 12.6 hours on this case. Based on a rate of $100 per hour, he calculated a fee of $1,260 plus $8.45 for photocopying 57 pages at a rate of 15 cents per page. He further testified that $100 per hour is the usual and customary fee for attorneys with his experience in handling cases of this type in the Charleston, Illinois, area. While this evidence is sparse, defendant did not submit any evidence which challenged the reasonableness of the plaintiff's calculation of the fee. Defendant did challenge the timeliness of the filing of the attorney's lien, noting it was filed after plaintiff was terminated. Plaintiff made no argument on this point and conceded that he overlooked the requirement that, in order to perfect such a lien, it must be filed *before* the attorney is terminated. (Ill. Rev. Stat. 1991, ch. 13, par. 14; *Rhoades v. Norfolk & Western Ry. Co.* (1979), 78 Ill. 2d 217, 227, 399 N.E.2d 969, 973-74.) As the *Rhoades* case points out, however, even though his lien was not perfected, plaintiff may yet recover on a *quantum meruit* theory. (*Rhoades*, 78 Ill. 2d at 227-30, 399 N.E.2d at 974-75.) Plaintiff's fee summary does refer to the preparation of a notice of lien on December 12, 1991, prior to his termination as defendant's attorney, but there is no proof this notice of lien was ever served on defendant.

On appeal, defendant relies on the argued insufficiency of the evidence presented by plaintiff. Plaintiff presented a single page with handwritten and abbreviated notations of dates, work performed on those dates, and the time expended by plaintiff in performing that work on those dates. Plaintiff admits, however, that the 6.9 hours he recorded for the time period of December 17, 1991, to January 20, 1992, was an estimate based on an average of 1.5 hours per week. He arrived at that estimate after conferring with his secretary, and he testified he thought the estimate was low.

> "In all cases where an award of attorney fees is appropriate, only those fees which are reasonable will be allowed, the determination of which is left to the sound discretion of the trial court. The party seeking the fees, whether for himself or on behalf of a client, always bears the burden of presenting sufficient evidence from which the trial court can render a decision as to their reasonableness. An appropriate fee con-

sists of reasonable charges for reasonable services; however, to justify a fee, more must be presented than a mere compilation of hours multiplied by a fixed hourly rate or bills issued to the client. The petition for fees must specify the services performed, by whom they were performed, the time expended thereon and the hourly rate charged therefor. It is incumbent upon petitioner to present detailed records maintained during the course of the litigation containing facts and computations upon which the charges are predicated. *Kaiser v. M E P C American Properties, Inc.* (1987), 164 Ill. App. 3d 978, 518 N.E.2d 424." (*Mars v. Priester* (1990), 205 Ill. App. 3d 1060, 1064-65, 563 N.E.2d 977, 980.)

*Kaiser v. M E P C American Properties, Inc.* (1987), 164 Ill. App. 3d 978, 984, 518 N.E.2d 424, 428, further provided:

"Once presented with these facts, the trial court should consider a variety of additional factors such as the skill and standing of the attorneys, the nature of the case, the novelty and/or difficulty of the issues and work involved, the importance of the matter, the degree of responsibility required, the usual and customary charges for comparable services, the benefit to the client (*Ashby v. Price* (1983), 112 Ill. App. 3d 114, 445 N.E.2d 438), and whether there is a reasonable connection between the fees and the amount involved in the litigation (*In re Estate of Healy* (1985), 137 Ill. App. 3d 406, 484 N.E.2d 890; *In re Marriage of Ransom* (1981), 102 Ill. App. 3d 38, 429 N.E.2d 594)."

▆ In addition to citing *Kaiser* and *Mars*, defendant has called our attention to *In re Marriage of Ransom* (1981), 102 Ill. App. 3d 38, 429 N.E.2d 594. After reviewing these cases, we do not find that these decisions require notations in a timekeeping system contemporaneous with the work being performed as defendant seems to suggest. An attorney may construct an accurate record based on telephone bills and logs, correspondence and other file documents, and the recollection of the attorney and his employees, although greater accuracy is generally ensured by a contemporaneous record of events. However, the attorney seeking to recover fees must provide sufficient specificity of the nature of the work on any given date that the trial court can ascertain therefrom the necessity of the work to the client's legal matter and the reasonableness of the time expended and the fee charged therefor. On a sheet of lined, yellow paper with the designation at the top of the defendant's case

arising out of the automobile accident, plaintiff's handwritten statement provided as follows:

| "12-6 [1991] | P.C. w/cl. | | .2 | hr. |
|---|---|---|---|---|
| 12-9 | C. w/cl. | | 1 | hr. |
| 12-10 | C. w/cl. call to ins. co. | | .8 | hr. |
| 12-12 | P.C. w/ins. co., letter, copy of accident rep. + notice of lien, conf. w/cl. | | 1.2 | hrs. |
| 12-13 | Conf. w/P.P. claim adj.- Settle P.D. | | .9 | hr. |
| 12-16 | Conf. w/cl. re med. bills | | .4 | hr. |
| 12-17 to 1-20 [1992] | P.Cs + conf. w/cl., ins. Co. + atty. | | 6.9 | hrs. |
| 2-18 | [illegible] file + serve notice of atty lien | | 1.2 | hrs. |
| | | 100 hr. | 12.6 | hrs. |
| | | | 1260.00 | |
| Photocopies | 57 @ .15 | | 8.45 | |
| | | | $1268.45" | |

The preparation and service of an attorney lien after plaintiff was terminated as defendant's attorney is not for the benefit of the client, and the client is not required to pay for it. (*Ashby v. Price* (1983), 112 Ill. App. 3d 114, 123, 445 N.E.2d 438, 445.) The notice of attorney lien dated February 18, 1992, makes it clear that at the time of its preparation, plaintiff had already been terminated as defendant's attorney. The exhibits also indicate that on February 18, 1992, plaintiff filed a motion to withdraw as counsel for defendant in the workers' compensation judicial review proceeding in the circuit court and served on defendant a copy of the motion, a notice of hearing on the motion to withdraw, and a certificate of service. The notice of hearing indicated that plaintiff obtained a court setting of March 6, 1992, for the hearing on the motion to withdraw. Plaintiff admitted to the trial judge that his withdrawal as attorney for defendant in the workers' compensation case was his response to being fired in the action arising out of the automobile accident and defendant's threatening to file a claim against plaintiff with the Attorney Registration and Discipli-

nary Commission. It does not appear from the record that anything plaintiff did on February 18, 1992, related to defendant's action arising out of the automobile accident. Therefore, plaintiff should not have been allowed to recover any fee for the 1.2 hours expended on that date.

As to the "estimate" of time expended by plaintiff from December 15, 1991, to and including January 20, 1992, we agree with defendant that the explanations of plaintiff's activities during that period of time are not sufficiently specific to justify awarding of fee for the 6.9 hours claimed. Although the remaining entries, for December 6 to 16, 1991, are filled with abbreviations which a client may not understand, once deciphered by a trial judge in light of the context in which the services were rendered, those entries are sufficiently specific to explain the nature of the work involved. On appeal, defendant does not specifically object to the inclusion of "notice of lien" on the December 12, 1991, entry and therefore we will not address the propriety of including any fee for the preparation thereof in this case. Defendant also does not challenge the reasonableness of the $100-per-hour rate.

Based on this analysis, we find the award in this case resulted from an abuse of discretion. Plaintiff was entitled to recover fees for only 4.5 hours from December 6 through December 16, 1991. At $100 per hour, that amounts to $450. After adding $8.45 for photocopying, the judgment in favor of plaintiff should have been only $458.45, plus costs.

Accordingly, to the extent that the judgment appealed is based on plaintiff's representation of defendant in the workers' compensation case, it is reversed. Insofar as the judgment is based on plaintiff's representation of defendant in the automobile accident case, the judgment is affirmed but, pursuant to the authority vested in this court by Supreme Court Rule 366(a)(5) (134 Ill. 2d R. 366(a)(5)), the judgment is modified as follows: judgment is entered in favor of plaintiff S. John Muller and against defendant David Jones in the amount of $458.45, plus $72.20 court costs.

Reversed in part; affirmed in part as modified.

LUND, J., concurs.

JUSTICE GREEN, specially concurring:
I concur in the decision of the majority to modify the award and, as modified, to affirm it.

I agree that a judgment of the circuit court for attorney fees cannot properly include sums for attorney fees in a workers' compensation proceeding which has not been approved by the Commission. However, the circuit court has jurisdiction of proceedings for recovery of attorney fees in general. I do not agree that a part of a judgment in such a case is void for lack of jurisdiction because consideration was improperly given to work performed in a workers' compensation proceeding in support of a portion of the award requested.

While the issue of the impropriety of consideration of the work in the workers' compensation proceeding was not raised below, plaintiff does not argue here that such error was waived. I conclude we may properly consider the propriety of the portion of the award in question without holding that a portion of the judgment was void for lack of jurisdiction.