BOYCE LAVELL MURPHY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Cook County, Juvenile Detention, *et al.*, Appellees).

First District (Industrial Commission Division)    No. 1—93—0544WC

Opinion filed February 18, 1994.

Boyce Lavell Murphy, of Chicago, appellant *pro se.*

Jack O'Malley, State's Attorney, of Chicago (Karen A. Covy and Douglas S. Stefenson, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE RAKOWSKI delivered the opinion of the court:

The employee, Boyce Lavell Murphy (claimant), filed an application for adjustment of claim pursuant to the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et seq.*) for injuries to his back allegedly sustained in the course of his employment with Cook County, Juvenile Detention (employer). The arbitrator found that claimant was permanently and totally disabled under section 8(f) of the Act. The Industrial Commission (Commission) affirmed.

Claimant then filed a motion to dismiss his attorney, Tyrrell. Contrary to the claimant's assertions, the Commission found that the claimant was well represented by Tyrrell but granted the claimant's motion to discharge Tyrrell. The Commission allowed fees and costs as requested by Tyrrell.

Claimant refused to pay the costs and fees as ordered. Tyrrell petitioned for further relief before the Commission. On June 17, 1992, the Commission ordered the employer to disburse the costs incurred by Tyrrell and to disburse 20% of each compensation check due claimant for 364 weeks to Tyrrell pursuant to section 16a of the Act.

On August 12, 1992, claimant filed a "Petition for Relief from Judgment" in the circuit court. The employer and Tyrrell moved for dismissal pursuant to section 19(f)(1) of the Act because the claimant's request for judicial review was sought in excess of 20 days. On February 3, 1993, the circuit court dismissed claimant's "Petition for Relief from Judgment," finding a lack of subject matter jurisdiction.

On appeal, the claimant contends that the June 17, 1992, order was void because the Commission lacked the authority to enter an order that allowed attorney fees to be disbursed from the claimant's compensation benefits. According to claimant, because this order was

void, it was subject to attack at any time and, therefore, the circuit court was incorrect as a matter of law to dismiss claimant's "Petition for Relief from Judgment" for lack of subject matter jurisdiction.

We agree with claimant's contention that a void judgment may be attacked at any time (*Notman v. Industrial Comm'n* (1991), 219 Ill. App. 3d 203, 205, 579 N.E.2d 370) and that if the June 17, 1992, order was void, the circuit court would have jurisdiction. We disagree, however, the June 17, 1992, order was void.

■ Section 16a(B) of the Act states that attorney fees shall not "exceed 20% of the amount of compensation recovered and paid" to the injured employee. (Ill. Rev. Stat. 1981, ch. 48, par. 138.16a(B).) Section 16a(I) provides that "[a]ll attorneys' fees for representation of an employee or his dependents shall be only recoverable from compensation actually paid to such employee or dependents." (Ill. Rev. Stat. 1981, ch. 48, par. 138.16a(I).) When the Act is read as a whole, and adopting the practical interpretation which was intended by the legislature (*Moreland v. Industrial Comm'n* (1970), 47 Ill. 2d 273, 276, 265 N.E.2d 161), there is no reason why attorney fees should not come from the same source from which the injured employee receives his benefits. *Field v. Rollins* (1987), 156 Ill. App. 3d 786, 789, 510 N.E.2d 105.

We find *Field v. Rollins* persuasive. In that case, the employee whom the plaintiff-attorney represented was declared totally and permanently disabled and entitled to receive $296 per week for life. The employer was ordered to make the first 150 weeks of payments with the remaining payments to be made by the custodian of the "Second Injury Fund." The plaintiff was awarded attorney fees of 20% of the amount due to the injured employee for 364 weeks of total permanent disability. Plaintiff was unable to collect the balance when his client moved out of the jurisdiction. The appellate court recognized this as a case of first impression and held that the attorney fees for representing an injured employee, awarded pursuant to the Act, may be recovered from the "Second Injury Fund." The court stated that workers' compensation payments are protected from the reach of judgment creditors; however, "attorney fees approved by the Industrial Commission rise to the same level as the award granted to the injured employee." *Field*, 156 Ill. App. 3d at 789.

In the case *sub judice*, the claimant relies on *In re Estate of Callahan* (1991), 144 Ill. 2d 32, 578 N.E.2d 985, and *Lasley v. Tazewell Coal Co.* (1921), 223 Ill. App. 462, for the proposition that the compensation awarded to him is not subject to lien. However, attorney fees in workers' compensation cases are not liens under section 21 of the Act. (*Muller v. Jones* (1993), 243 Ill. App. 3d 711,

714, 613 N.E.2d 271.) Further, the *Lasley* case involved an attorney seeking fees from a former client under the Attorney's Lien Act of 1909. The court held that fees earned in a workers' compensation proceeding are not recoverable under the lien statute.

In *Callahan*, the discharged attorney was awarded a *quantum meruit* fee of $36,000 for work conducted on behalf of the former client's third-party claim, not a workers' compensation claim. The fee was ordered to be paid from the assets of the guardianship estate. The supreme court stated that the workers' compensation payments were assets of the estate. However, because the fee did not arise from a workers' compensation claim, it was a "debt." Therefore, it could not be taken out of weekly workers' compensation benefits because section 21 of the Act provides that workers' compensation benefits paid under the Act shall not be liable for any "debt." *Callahan*, 144 Ill. 2d at 43.

In the case *sub judice*, the claimant has not presented any support for his proposition that the June 17, 1992, order was void. On the contrary, to the extent that the cases cited were applicable, they favor Tyrrell. As such, we conclude that the order entered on June 17, 1992, was valid and enforceable.

Section 19(f)(1) of the Act states in part that a proceeding for review "shall be commenced within 20 days of the receipt of notice of the decision of the Commission." (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(f)(1).) The Illinois Supreme Court stated that a request for summons must be in writing. (*Daugherty v. Industrial Comm'n* (1983), 99 Ill. 2d 1, 457 N.E.2d 381.) More recently, this court has determined that "the failure to file any written request to be substantive, since to hold otherwise would completely emasculate a clear requirement of section 19(f)(1)." *Whitmer v. Industrial Comm'n* (1989), 187 Ill. App. 3d 409, 411, 549 N.E.2d 353.

In the case *sub judice*, the claimant stated in his "Petition for Relief from Judgment" that he received a copy of the June 17, 1992, decision on June 22, 1992. Claimant's request for summons was filed on August 12, 1992. As such, the request for summons was not filed within 20 days. In light of the clear language of the statute and current case law, we conclude that the trial court properly determined that it lacked subject matter jurisdiction because of claimant's failure to comply with the statute.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McCULLOUGH, P.J., and WOODWARD, SLATER, and RARICK, JJ., concur.