NO. 1-95-2631WC
 IN THE APPELLATE COURT OF ILLINOIS
 FIRST DISTRICT
 Industrial Commission Division
GERALDINE STEPHENS, ) Appeal from
 Appellant, ) Circuit Court of
 v. ) Cook County
THE INDUSTRIAL COMMISSION et al. ) No. 95L50028
(Cook County, Illinois, )
a local government, Appellee). ) Honorable
 ) Alexander P. White,
 ) Judge Presiding.
_________________________________________________________________

 PRESIDING JUSTICE McCULLOUGH delivered the opinion of the
court:
 Claimant Geraldine Stephens appeals from an order of the
circuit court of Cook County confirming a decision of the Illinois
Industrial Commission (Commission) awarding attorney fees pursuant
to section 16 of the Workers' Compensation Act (Act) (820 ILCS
305/16 (West 1994)) at a rate of 20% of awarded compensation. This
matter was considered by the Commission on remand from this court
which directed the Commission to take evidence in its determination
to award section 16 attorney fees. Stephens v. Industrial Comm'n,
246 Ill. App. 3d 1113 (1993) (unpublished order under Supreme Court
Rule 23). Respondent employer is the County of Cook. The
Commission has filed a responsive brief in this appeal.
 The issues raised on appeal are whether (1) Commission
rule 7080.10(a)(1) (50 Ill. Adm. Code 7080.10(a)(1) (1985)) is a
valid rule (820 ILCS 305/16a (West 1994)); (2) as a matter of law,
the award of attorney fees was defective because the Commission
misinterpreted sections 16 and 16a of the Act; (3) the Commission
finding that the expending of 120 hours of post-Commission
litigation was not extraordinary service was against the manifest
weight of the evidence; and (4) the Commission improperly refused
to reimburse claimant for attorney fees paid to recover benefits
and medical expenses withheld by respondent in violation of
sections 19(k) and 16 of the Act (820 ILCS 305/19(k) (West 1994)). 
We affirm.
 Claimant, a correctional officer, was injured on February
3, 1987, when she fell while chasing an inmate. On July 8, 1988,
the arbitrator awarded claimant benefits and penalties under
section 19(l) of the Act (Ill. Rev. Stat. 1987, ch. 48, par.
138.19(l)) for respondent's delay in paying temporary total
disability (TTD). Both parties sought review before the Commis-
sion, but respondent's petition for review was dismissed on
respondent's motion which indicated claimant had been paid. The
Commission denied claimant's request for additional attorney fees
and penalties because claimant failed to prove respondent's delay
in paying TTD after the arbitrator's decision was unreasonable and
without good cause. The circuit court found the Commission had
improperly imposed upon claimant the burden of proving that the
respondent's filing of a petition for review was vexatious and
unreasonable under the circumstances. The cause was remanded for
the Commission to consider section 19(l) penalties, additional
compensation pursuant to section 19(k) (Ill. Rev. Stat. 1987, ch.
48, par. 138.19(k)), and section 16 attorney fees (Ill. Rev. Stat.
1987, ch. 48, par. 138.16). 
 On remand from the circuit court, the Commission denied
the respondent's request for a de novo hearing and found that
respondent had failed to present any evidence that the 65-day delay
in paying the award was reasonable; that the payment came after
repeated delays in paying TTD; and the explicit mandate of the Act
to provide prompt, sure, and definite compensation was contravened. 
The Commission awarded $5,322.78 in additional compensation
pursuant to section 19(k) of the Act, $1,064.76 (20% of the 19(k)
penalty) in attorney fees pursuant to section 16 of the Act, and
$650 in penalties pursuant to section 19(l) of the Act. The
circuit court confirmed the decision. This court reversed and
remanded solely on the issue of whether the allowance of attorney
fees pursuant to section 16 of the Act was adequate. This court
found that the Commission did not have any evidence as to time
expended and value of services provided by claimant's attorney and
the award of 20% of the amount of section 19(k) penalty was
arbitrary and against the manifest weight of the evidence. The
cause was remanded to the Commission for an evidentiary hearing to
determine the amount of attorney fees, if any, to be awarded
claimant pursuant to section 16 of the Act. The order of this
court did not direct the Commission to award or deny attorney fees,
but required the Commission to conduct an evidentiary hearing. 
Stephens, 246 Ill. App. 3d 1113 (slip order at 5-6) (1993) (unpub-
lished order under Supreme Court Rule 23).
 Following the most recent remand, claimant's attorney,
Ivan M. Rittenberg, sought a total of $48,400 in attorney fees for
the time expended following the Commission's initial decision. 
Claimant's attorney used a $200-per-hour rate and a multiplier of
two because, in his opinion, the work performed was significant,
important, and contingent on a vindication of the Act. Claimant
has apparently dropped the multiplier on appeal. 
 On the issue of attorney fees, the Commission's decision
stated:
 "Based on the facts of this case it is
 clear that Petitioner's attorney diligently
 pursued the issue of penalties due the Peti-
 tioner for the unreasonable 65[-]day delay
 caused by the Respondent in payment of [TTD]
 benefits. It is equally clear that it was
 only through the efforts of Petitioner's
 attorney in appealing this matter through the
 Commission and into the circuit court that
 justly deserved 19(k) and (l) penalties were
 obtained for the benefit of the Petitioner. 
 However, this case represents no truly unique
 legal questions and constitutes nothing more
 than a Workers' Compensation case where the
 Petitioner had to earnestly pursue justifiable
 penalties. The purpose of 19(k) penalties is
 to protect the injured worker by penalizing
 the employer for vexatious and unreasonable
 conduct. The purpose of awarding attorneys'
 fees as a penalty under 16 is to relieve the
 Petitioner of the responsibility for paying
 the attorney's fees he would otherwise be
 obligated to pay. Allowing the increase of
 fees based on a quantum meruit theory is not
 warranted. There is nothing in the experience
 of the Commission that leads to the belief
 that attorneys are unwilling to represent
 injured workers if they are paid fees at the
 rate established by the Act. Fees based on
 quantum meruit constitute an unreasonable cost
 burden on the system. In a vexatious case
 involving 16, fees may be awarded on all
 compensation. A fee should not exceed what
 the Petitioner would have had to pay or 20% of
 the total award due."
 In confirming the Commission's decision, the circuit
court quoted sections 16 and 16a(A) and (B) of the Act (820 ILCS
305/16a(A), (B) (West 1994)), section 7080.10(a)(1) of the
Commission's rules, Spinak, Levinson & Associates v. Industrial
Comm'n, 209 Ill. App. 3d 120, 125, 568 N.E.2d 41, 44 (1990), and
Muller v. Jones, 243 Ill. App. 3d 711, 713, 613 N.E.2d 271, 272-73
(1993). The circuit court reasoned that to require the respondent
to pay the attorney fees requested by claimant would pay Rittenberg
far in excess of the value of his services to claimant. According
to the circuit court, the fact that time and effort was expended
beyond that contemplated by claimant's attorney was a circumstance
which the attorney must bear. The circuit court concluded, "To
decide otherwise would encourage protracted litigation in the
pursuit of penalties, with minimal benefit accruing to the
claimant." Noting that in Muller, it was stated that the legisla-
ture contemplated that the fee schedule under the Act included
compensation for prosecuting a judicial review, the circuit court
found the Commission's finding of the reasonableness of the fees
awarded and the implicit finding of no extraordinary service were
not against the manifest weight of the evidence.
 We first address whether Commission rule 7080.10(a)(1) is
a valid rule. Claimant admits that this issue was raised for the
first time in this case in this appeal because the circuit court
referred to the rule. Although respondent and the Commission do
not argue that the issue is waived, an issue not raised before the
Commission is waived. Taylor Coal Co. v. Industrial Comm'n, 301
Ill. 381, 387-88, 134 N.E. 169, 171 (1922).
 In any event, it is unnecessary to consider the validity
of this rule in this case. The rule in question states, in
relevant part:
 "Whether a dispute has arisen between a Peti-
 tioner and his attorney or former attorney
 concerning the amount of payment of fees for
 services rendered or reimbursement of costs
 incurred in the prosecution of a claim, or a
 claim is made for fees in excess of the fees
 provided in Section 16(a) [sic] of the
 Workers' Compensation Act for extraordinary
 services, either the Petitioner or his attor-
 ney or former attorney may file with the
 Commission a Petition to Fix Fees which shall
 set forth the facts surrounding the dispute
 and the relief requested." 50 Ill. Adm. Code
 7080.10(a)(1), at 5749 (1985).
Although claimant argues that the term "for extraordinary services"
is a substantive limitation on sections 16 and 16a of the Act which
the Commission is without authority to create, it is obvious that
the rule pertains to disputes over the amount of attorney fees
which arise between a claimant and the claimant's attorneys, and
not in the situation that is presented in the case at bar. 
 The next issue is whether, as a matter of law, the award
of attorney fees was defective because the Commission misinterpret-
ed sections 16 and 16a of the Act. Section 16 of the Act provides
that the Commission has the power to determine the reasonableness
and fix the amount of attorney fees. Then this section adds in a
separate paragraph:
 "Whenever the Commission shall find that
 the employer, his or her agent, service compa-
 ny or insurance carrier has been guilty of
 delay or unfairness towards an employee in the
 adjustment, settlement or payment of benefits
 due such employee within the purview of the
 provisions of paragraph (c) of Section 4 of
 this Act; or has been guilty of unreasonable
 or vexatious delay, intentional under-payment
 of compensation benefits, or has engaged in
 frivolous defenses which do not present a real
 controversy, within the purview of the provi-
 sions of paragraph (k) of Section 19 of this
 Act, the Commission may assess all or any part
 of the attorney's fees and costs against such
 employer and his or her insurance carrier." 
 (Emphasis added.) 820 ILCS 305/16 (West
 1994).
Section 16a states in relevant part:
 "(A) In the establishment or approval of
 attorney's fees in relation to claims brought
 under this Act, the Commission shall be guided
 by the provisions of this Section and by the
 legislative intent, hereby declared, to en-
 courage settlement and prompt administrative
 handling of such claims and thereby reduce
 expenses to claimants for compensation under
 this Act.
 (B) With respect to any and all proceed-
 ings in connection with any initial or origi-
 nal claim under this Act, no claim of any
 attorney for services rendered in connection
 with the securing of compensation for an
 employee or his dependents, whether secured by
 agreement, order, award or a judgment in any
 court shall exceed 20% of the amount of com-
 pensation recovered and paid, unless further
 fees shall be allowed to the attorney upon a
 hearing by the Commission fixing fees, and
 subject to the other provisions of this Sec-
 tion." 820 ILCS 305/16a(A), (B) (West 1994).
 In section 16a, the legislature set the amount of
attorney fees that may be obtained at 20% of an award, unless the
Commission allows further fees. If a section 19(k) additional
award is found by the Commission, the Commission may assess
attorney fees of the claimant against the respondent under section
16 of the Act. It is clear from the language of these sections of
the Act that further fees would not be awarded simply because a
claimant's attorney asked for them. The Commission was left to
determine when such fees would be appropriate. Section 16a(B)
evidences a legislative intent that, generally, 20% of the award is
the maximum fee. Moreover, section 16a(I) states the attorney fees
are payable from the award. 820 ILCS 305/16a(I) (West 1994). In
the context of section 16a, which applies primarily to disputes
between claimants and claimants' attorneys, the legislature did not
envision a claim for attorney fees in excess of an award, as is
requested here. 
 Here, claimant's attorney wants to use the provision in
section 16 allowing the Commission the prerogative to order the
respondent to pay claimant's attorney fees as a method of obtaining
a "punitive" award in the form of attorney fees by allowing the
Commission to order the respondent to pay more attorney fees than
those for which the claimant would be liable. The plain language
of the sections of the Act relied on by claimant do not support
reading such a provision into the Act. The purpose of these
sections of the Act is to provide relief to the claimant, not to
provide a method whereby claimant's attorneys can obtain increased
fees.
 Although we have determined that section 16a does not
directly pertain to the situation presented in this case, the
Commission could look to section 16a in determining the reasonable-
ness of attorney fees to be awarded under section 16. In section
16a, the legislature has expressed a public policy to generally
limit attorney fees in workers' compensation cases to 20% of the
award.
 The above reasoning necessarily leads to the third issue,
whether the Commission finding as to the amount of attorney fees
which respondent was required to pay was against the manifest
weight of the evidence. There are burdens and benefits for
attorneys representing claimants in workers' compensation cases. 
In any case, an attorney may be required to pursue the matter to
the highest court for resolution. However, the Act does not
provide that an attorney is to be paid for judicial review separate
and apart from the Act's general provisions relating to attorney
fees. Muller, 243 Ill. App. 3d at 713, 613 N.E.2d at 272-73.
 When a clear and unambiguous express contract exists,
quantum meruit cannot be used to recover attorney fees. Muller,
243 Ill. App. 3d at 712, 613 N.E.2d at 272; Spinak, 209 Ill. App.
3d at 125, 568 N.E.2d at 44. Claimant does not suggest there was
no express contract for fees between her and her attorney for
representation in this workers' compensation case. See 820 ILCS
305/16a(C) (West 1994). At oral argument, claimant's attorney
stated that quantum meruit is not the basis on which recovery is
sought in this case. We agree. Claimant's attorney seeks a
recovery which is punitive in nature. However, in determining the
amount of attorney fees to tax against respondent, the Commission
may, by analogy, look to other legal principles which bear on a
determination of the reasonableness of the fees sought to be
recovered by claimant.
 The determination of the reasonableness of the amount of
attorney fees is a question of fact for the Commission which will
not be overturned unless it is contrary to the manifest weight of
the evidence. Augustine v. Industrial Comm'n, 239 Ill. App. 3d
561, 573, 607 N.E.2d 229, 237 (1992). Before the Commission in
this case, claimant asked that attorney fees be set at $200 per
hour for 120 hours of post-Commission litigation, then multiplied
the resultant amount by two because of the significance of the
case. The Commission specifically found this case presented no
truly unique legal question even though claimant had to earnestly
pursue justifiable penalties.
 Courts will not substitute their judgments for that of
the Commission simply because different inferences could have been
drawn. Brady v. Louis Ruffolo & Sons Construction Co., 143 Ill. 2d
542, 549, 578 N.E.2d 921, 924 (1991). The Commission decision in
this case is not against the manifest weight of the evidence. 
 The final issue is whether the Commission improperly
refused to reimburse claimant for attorney fees paid to recover
benefits and medical expenses withheld by respondent in violation
of sections 19(k) and 16 of the Act. The Commission did not refuse
to order respondent to pay attorney fees, but ordered payment of
less than claimant's attorney thought he deserved.
 In her reply brief, claimant has also raised for the
first time in this appeal an argument that the Commission's action
violated her rights to equal protection and due process and made a
request that this court take judicial notice of the annual reports
of the Commission. Because these arguments were improperly raised
for the first time in the reply brief (155 Ill. 2d R. 341(g)), they
will not be addressed.
 The order of the circuit court of Cook County confirming
the decision of the Commission is affirmed.
 Affirmed.
 RAKOWSKI, COLWELL, HOLDRIDGE and RARICK, JJ., concur.