**In re David M. ODLE, Debtor.**

**John L. SWARTZ, Trustee, Plaintiff,**

**v.**

**David M. ODLE, Carol C. Odle, IL Department of Public Aid, Steven W. Berg, Philip Pennington, Clerk of the Circuit Court of Montgomery County, Defendants.**

Bankruptcy No. 96–70415.
Adversary No. 96–7070.

United States Bankruptcy Court,
C.D. Illinois.

Feb. 5, 1997.

Arthur B. Cornell, Springfield, IL, for Trustee.

Patricia Tinch, Asst. Attorney General, Springfield, IL, for IL Dept. of Public Aid.

William A. Krajec, Springfield, IL, for Debtor.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

The issue before the Court is whether an attorney has a valid claim for 20% of the proceeds of a worker's compensation settlement.

The Debtor, David M. Odle, filed a petition pursuant to Chapter 7 of the Bankruptcy Code on February 23, 1996. One of the assets of the bankruptcy estate is a worker's compensation settlement.

The Debtor retained Attorney Stephen Cullison on September 6, 1994, to handle a worker's compensation claim against Philip Pennington, d/b/a Portable Sanitation Systems. The basis for the claim was a slip and fall accident which occurred on July 29, 1994, during the course of the Debtor's employment with Mr. Pennington. The Debtor pinched a tendon in his left shoulder and was on temporary total disability from July 30, 1994, to January 24, 1995.

The Debtor's representation agreement with Mr. Cullison provided for a contingent fee of 20% of the amount recovered. (Mr. Cullison later associated with Attorney Steven Berg for purposes of this case, with the agreement that any fees would be shared equally.)

A settlement in the amount of $12,000 was agreed to by the parties, and the settlement was approved by the State of Illinois Industrial Commission on January 16, 1996. The settlement provided for a payment of $3,000 upon approval of the settlement agreement by the Industrial Commission, and the bal-

ance to be paid in installments. Pursuant to an Order of this Court dated July 29, 1996, Mr. Pennington was directed to make all payments under his worker's compensation settlement to the Trustee until further order of the Court.

Mr. Cullison filed a secured claim in the amount of $1,800 on August 29, 1996. (Pursuant to an Order dated May 8, 1996, the last date to file claims was August 6, 1996. Mr. Cullison, however, was not on the mailing matrix for this Order because the Debtor had failed to schedule the worker's compensation claim as an asset of the estate or Mr. Cullison as a creditor. It appears that Mr. Cullison's first notice of the bankruptcy was in May 1996, when Mr. Berg was named as a defendant in an adversary proceeding initiated by the Trustee to deny the Debtor's discharge and to recover a preference.) Mr. Cullison's claim is based on 20% of the $9,000 which he believed was still owed by Mr. Pennington or was held in escrow by a third party. Mr. Cullison claims an attorney's lien upon any proceeds of the settlement with Mr. Pennington.

The Trustee filed an objection to Mr. Cullison's claim on three grounds. First, the claim was filed as secured and only unsecured claims are entitled to share in dividends. Second, the claim does not show proof of perfection as a secured claim. Third, the claim was filed late, and, if allowed, would be subject to 11 U.S.C. § 726(a)(2) regarding the distribution to late filed claims.

820 ILCS 305/16a covers attorney's fees in worker compensation cases. The statute indicates a legislative intent "to encourage settlement and prompt administrative handling of such claims". § 16a(A). The statute caps attorney's fees at 20% of the amount of compensation recovered and paid. § 16a(B). Attorney's fees must be fixed pursuant to a form prescribed by the Commission, and it must be filed with the Commission. § 16a(C). No attorney's fees may be awarded for undisputed medical expenses, or for temporary total disability compensation unless the payment of such compensation is refused or terminated. §§ 16a(D) and (E). Attorney's fees are limited to $100 in certain instances when there is no dispute as to liability or the results of the accident. §§ 16a(F) and (G). No attorney's fees are allowed where the amount recovered does not exceed written offers made prior to representation. § 16a(H). Attorney's fees are "only recoverable from compensation actually paid to" the employee or his dependents. § 16a(I). Disputes regarding attorney's fees are heard and determined by the Commission. § 16a(J). Attorneys who violate the provisions of the statute are required to make restitution. § 16a(I).

820 ILCS 305/21 provides that the proceeds of worker's compensation claims shall not be "assignable or subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or damages".

Under Illinois case law, attorney fees in workers' compensation cases are not liens under Section 21 of the Act. *Murphy v. Industrial Commission*, 258 Ill.App.3d 764, 196 Ill.Dec. 900, 902, 630 N.E.2d 1065, 1067 (1994). Rather, "attorney fees approved by the Industrial Commission rise to the same level as the award granted to the injured employee". *Field v. Rollins*, 156 Ill.App.3d 786, 789, 109 Ill.Dec. 484, 510 N.E.2d 105 (1987).

The parties have framed the issue in this case as whether Mr. Cullison has a valid perfected attorney's lien on the Debtor's worker's compensation settlement, but the Court believes that the issue is more basic, i.e., whether the attorney's claim for 20% of the proceeds is a "debt" subject to discharge. The Illinois Worker's Compensation Act and the case law interpreting the Act indicate that an attorney's entitlement to 20% of the proceeds of a worker's compensation settlement is a separate property interest rather than an obligation of the Debtor arising out of the settlement agreement. A property interest in 20% of the proceeds of the worker's compensation settlement was transferred to Mr. Cullison by the Lump Sum Settlement Order of January 16, 1995, wherein the Industrial Commission approved and certified the settlement. As such, Mr. Cullison's 20% interest is not a debt subject to discharge. Accordingly, the Court concludes that Mr.

Cullison has a vested property interest in 20% of the proceeds of the worker's compensation settlement.

The Bankruptcy Code defines a "claim" as a "right to payment" and a "debt" as a "liability on a claim". 11 U.S.C. § 101(5) and (12). Because Mr. Cullison's 20% interest is a property interest rather than a debt subject to discharge, Mr. Cullison does not have a valid claim against the Debtor's bankruptcy estate. Mr. Cullison's 20% interest in the worker's compensation settlement never became property of the bankruptcy estate because the Debtor never had a legal or equitable interest in this portion of the settlement. *See*, 11 U.S.C. § 541(a). Accordingly, Mr. Cullison's claim should be denied.

For the foregoing reasons, the Trustee's Objection to the claim of Stephen R. Cullison is allowed.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons set forth in an Opinion entered this day,

IT IS THEREFORE ORDERED that the Trustee's Objection to the claim of Stephen R. Cullison be and is hereby allowed.