SPINAK, LEVINSON & ASSOCIATES, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Julius McLean *et al.*, Appellees).

First District (Industrial Commission Division) No. 1—89—3028WC

Opinion filed December 28, 1990.—Rehearing denied March 12, 1991.

---

*Judge Bilandic participated in the decision of this case prior to taking office as a supreme court judge.

BARRY, P.J., dissenting.

Arthur H. Levinson, of Spinak, Levinson & Associates, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Marcy I. Singer, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

The Industrial Commission (Commission) awarded the law firm of Spinak, Levinson & Associates a $100 nominal attorney fee award for its representation of claimant in an underlying workers' compensation proceeding. The law firm appeals from a circuit court order confirming that award, contending (1) it is entitled to a much larger sum based on the concept of *quantum meruit*, (2) it is not bound by the attorney representation agreement it executed with the client, (3) additional fees are warranted because the services it performed were "extraordinary," and (4) the fee limitation in section 16a of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.16a), as construed by the Commission, diminishes the possibility that injured workers will be able to obtain competent, zealous legal representation needed to secure benefits.

The underlying compensation proceeding began when claimant, *pro se*, filed a claim against his employer for a back injury he suffered in 1982. In November 1983, an arbitrator rejected a proposed settlement in the amount of 3$5/7$ weeks temporary total disability and 20% loss of the use of claimant's right leg under section 8(e) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.8(e)) (40 weeks disability) after claimant expressed dissatisfaction with waiving his right to future medical benefits.

Claimant then retained the plaintiff law firm which, after some preliminary work, negotiated a second settlement proposal from the employer which increased the offer of benefits to 25% loss of the use of claimant's right leg (50 weeks disability). Claimant refused this offer as well because it also required that he waive future medical benefits.

The issue was then tried before the arbitrator, who awarded $3\frac{4}{7}$ weeks temporary total disability and an additional 40 weeks permanent partial disability to the extent of 8% of the man-as-a-whole provision of section 8(d)(2) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.8(d)(2)). Although this amount did not exceed either of the written offers previously made, it did automatically entitle claimant to future medical benefits. Both claimant and employer sought review before the Commission, which affirmed the arbitrator.

A dispute arose between claimant and the law firm over the amount of attorney fees. The law firm filed a motion for fees before the Commission requesting 20% of the total award of $6,535.64, which the employer had tendered to claimant in satisfaction of the arbitration award. After hearing, the Commission awarded the law firm $115 in attorney fees.

The law firm appealed to the circuit court, which remanded to the Commission for further findings. The court specifically stated in its order "that it is a legitimate objective to keep future medical benefits open, and that said benefits have value." Before the Commission on remand, the law firm filed a renewed motion for attorney fees, this time for $2,500, which it represented was its reasonable fee based on *quantum meruit*. After further hearing, the Commission determined that the value of future medical benefits was $200 and awarded the law firm 20% of that amount ($40), making a total attorney fee award of $155.

The law firm again appealed. This time the circuit court reversed the Commission's finding that future medical benefits had a value of $200, concluding this sum was arbitrary and conjectural. The case was again remanded to the Commission to determine if attorney fees should be granted to the law firm for the time expended, if any, in helping to keep open claimant's right to future medical benefits.

Upon further remand, the Commission determined there was no evidence that any time was expended by the law firm in keeping claimant's access to future medical benefits open. In the first instance, by exercising the right to a hearing before the arbitrator, the right to future medical benefits was assured by operation of law upon the finding of some permanent disability without any specific activity being undertaken by the law firm. The Commission also found that the energies

the attorneys did expend were directed to the gathering of the physicians' reports, which related only to the issue of the nature and extent of claimant's present permanent disability, rather than to any future medical expenses. The Commission then awarded $100 as an attorney fee. After further appeal by the law firm, the Commission's decision was affirmed and the law firm appeals.

Section 16a of the Act states in pertinent part:

"With respect to any and all proceedings in connection with any initial or original claim under this Act, no claim of any attorney for services rendered in connection with the securing of compensation for an employee or his dependents, whether secured by agreement, order, award or a judgment in any court shall exceed 20% of the amount of compensation recovered and paid, unless further fees shall be allowed to the attorney upon a hearing by the Commission fixing fees, and subject to the other provisions of this Section. ***

(C) All attorneys' fees in connection with the initial or original claim for compensation shall be fixed pursuant to a written contract on forms prescribed by the Commission between the attorney and the employee or his dependents, and every attorney, whether the disposition of the original claim is by agreement, settlement, award, judgment or otherwise, shall file his contract with the Chairman of the Commission who shall approve the contract only if it is in accordance with all provisions of this Section.

* * *

(H) With regard to any claim where the amount to be paid for compensation does not exceed the written offer made to the claimant or claimants by the employer or his agent prior to representation by an attorney, no fees shall be paid to any such attorney." Ill. Rev. Stat. 1989, ch. 48, pars. 138.16a(B), (C), (H).

In this case, the parties executed a standard fee agreement, which provided for fees in a sum equal to:

"1. 50% of any amount received in excess of the written offer, if any, or 20% (not to exceed 20%) of the total amount received for compensation for permanent disability caused by the accident, whichever compensation sum of money is less; provided, however, if the amount received for compensation for permanent disability does not exceed the written offer, if any, attorneys shall receive no fee for compensation for permanent disability ***."

The law firm alleges it is entitled to fair compensation based on *quantum meruit* for the legal services it rendered to secure claimant's right to have his employer pay any future medical expenses he might incur. The law firm argues claimant now enjoys benefits which were not part of the two settlement offers made by the employer before the case was tried by the arbitrator. The law firm concedes that the permanent disability award made by the arbitrator does not exceed either of the written offers which claimant rejected. Yet, it contends the right claimant now enjoys to receive future medical benefits renders him liable for an award of fees based on *quantum meruit* irrespective of the contract between the parties. We disagree.

■ In the first instance, quasi-contractual relief is not available when a definite contract between the parties exists. (*Otto Real Estate, Inc. v. Shelter Investments* (1987), 153 Ill. App. 3d 756, 506 N.E.2d 351.) In this case there is an express contract, the terms of which are clear and unambiguous. *Quantum meruit* is not an appropriate basis upon which to award a fee.

■ In the second instance, section 16a of the Act specifically governs the award of attorney fees and directs the Commission to award fees only in compliance with the terms of the Act. (Ill. Rev. Stat. 1989, ch. 48, par. 138.16a(A).) The law firm has cited no authority suggesting the Commission may deviate from the statute for the sake of "equity" or award fees on a basis other than that expressly sanctioned by the statute. Since the Commission is bound to follow the statute, the law firm's claim for fees based on *quantum meruit* must be rejected.

The law firm next contends it should not be bound by the attorney representation agreement it executed with claimant as a prerequisite to appearing before the Commission because the agreement does not specifically contemplate the present fact situation. The law firm argues that section 16a should be construed to permit the law firm to recover fees for vigorously pursuing the issue of future medical benefits through the expenditure of hours of research, investigation, and trial of the cause notwithstanding its contract.

■ The contract entered between the parties conforms to the requirements of section 16a. It states the limitation on a fee award is based on the award of *compensation* for permanent disability and, according to the Act, a fee is only recoverable from compensation "actually paid" to the employee. (Ill. Rev. Stat. 1989, ch. 48, par. 138.16a(I).) The contract says nothing about medical benefits either present or prospective. This is consistent with the concept that medical benefits are not considered to be "compensation" within the meaning

of the Act. See *Folks v. Hurlbert's Wholesale Siding & Roofing, Inc.* (1981), 93 Ill. App. 3d 19, 416 N.E.2d 745.

■ The Act, however, does speak specifically to fees for medical benefits. It prohibits the award of attorney fees for undisputed medical expenses. (Ill. Rev. Stat. 1989, ch. 48, par. 138.16a(D).) Since fees are permitted only if there is a dispute as to medical benefits which have already been incurred, it follows that the statute does not support a claim for fees because of the mere existence of a right to inchoate, future medical expenses which do not now and may never exist, the value of which is unknowable, and over which there may never be a dispute. Such a claim is inconsistent with the statute's overall concept of awarding fees for "compensation" which has been "actually paid." We find nothing to support the contention that there is an independent right under section 16a to substantial attorney fees solely for the preservation of the right to future medical benefits, independent of the limitations of the contract and the statute which permit no fee when the amount awarded and paid for compensation does not exceed the written offer.

Nevertheless, the law firm correctly points out that section 16a(J) does permit the Commission to award attorney fees beyond those specifically enumerated in the Act. By Commission rule, additional fees may be warranted for "extraordinary" services. (50 Ill. Adm. Code §7080.10 (1985).) The law firm argues the services it rendered here were extraordinary. We disagree.

■ The Commission does not dispute the claim that the law firm expended effort in litigating the case or that the Commission may provide for additional fees when "extraordinary services" are shown to have been rendered. In this case, the Commission found that no portion of the time spent by the law firm was devoted to the right to receive future medical expenses. The Commission found that the gathering of medical reports and records was only related to the issue of the nature and extent of claimant's permanent disability. The record supports this conclusion. In the first instance, the law firm negotiated a second offer from the employer which increased the amount of permanent disability made in the first offer. Significantly, this second offer did *not* secure for claimant the right to any future medical expenses! Moreover, as far as the record discloses, the issues before the arbitrator centered on the nature and extent of claimant's present permanent disability without regard to future medical expenses because there is no indication claimant is now in need of current or future medical treatment. Finally, the Commission points out that merely by having the case tried before the arbitrator, claimant's right to future medical

benefits was secured by operation of law when a finding of some permanent disability was made. (Ill. Rev. Stat. 1989, ch. 48, par. 138.8(a).) Plaintiff knew this right to future medical benefits was secured with a permanent disability award. We conclude the Commission did not abuse its discretion in determining the law firm was not entitled to an award of fees for "extraordinary" services, even though the Commission saw fit to award a nominal sum for those efforts.

■ Finally, the law firm contends that the fee limitation contained in section 16a of the Act diminishes the possibility that injured workers will be able to obtain competent legal representation because lawyers will not take cases from potential clients who seek only to retain the right to future medical benefits. We hesitate to engage in speculation as to how any attorney evaluates whether to engage in representation of a particular client. Nevertheless, we are not convinced this record supports the assertion that claimant was motivated to pursue this claim before the arbitrator and Commission solely because of his desire to maintain his right to future medical expenses. We need point only to the fact that the arbitrator awarded 40 weeks permanent disability, thereby assuring to claimant the right to future medical benefits should they arise. This was an amount identical to that originally offered by employer minus the right to future medicals. Claimant's response, however, was to petition for review before the Commission for the express reason that the nature and extent of permanent disability as awarded by the arbitrator was insufficient. This fact rather forcefully suggests that claimant was, at all times, attempting to maximize the award of permanent disability and that the right to future medical expenses was not the sole, precipitating reason he pursued his claim. In this light, we are left with a case in which an offer was rejected and the later award of permanent disability did not exceed the original written offer. The contract freely entered between the parties and the statute clearly state upon whom this burden falls.

Having found no error in the decision of the Commission to award a nominal attorney fee to the law firm for its representation of claimant, the judgment of the Cook County circuit court is affirmed.

Affirmed.

McNAMARA, WOODWARD, and LEWIS, JJ., concur.

PRESIDING JUSTICE BARRY, dissenting:

In my opinion, this is an extraordinary case which merits an award of attorney fees beyond that contemplated by the standard fees con-

tract. The claimant twice refused to accept a settlement offer because he would not be guaranteed future medical payments. He sought and obtained legal counsel, and entered into a standard workers' compensation fees agreement which must be approved by the Commission. The firm proceeded to a trial of the cause to obtain for its client a valuable benefit, *i.e.*, any and all future medical services at whatever costs.

Where a fees contract is prescribed by law and limited thereby, I do not believe that it can be fairly stated that the parties have freely entered into it. Moreover, I believe that law firms are discouraged from taking on workers' compensation clients if the effort and expense they put forth in preparing and trying the case, perhaps through the supreme court, will not be compensated.

As required, the agreement in this case conforms to section 16a of the Illinois Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.16a). And, as the majority acknowledges, section 16a(J) of the Act and Commission rule provide for additional fees when extraordinary services are performed on a claimant's behalf. Contrary to my brethren, it appears clear to me that this firm performed legal services that, on these facts, were extraordinary, *i.e.*, preparing and trying a case that could have resulted in a compensation award in excess of the written offer, and *only* by virtue of trying this case, obtaining the desired guarantee of all future medical benefits that had been refused. I would reverse the circuit court's affirmation of a $100 nominal award for fees and expenses.