GERALDINE STEPHENS, Appellant, v. THE INDUSTRIAL COMMISSION
*et al.* (Cook County, Appellee).

First District (Industrial Commission Division)   No. 1—95—2631WC

Opinion filed September 6, 1996.—Rehearing denied October 23, 1996.

Rittenberg & Buffen, Ltd., of Chicago (Ivan M. Rittenberg, of counsel), for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Salley A. Swiss, Assistant Attorney General, of counsel), for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant Geraldine Stephens appeals from an order of the circuit court of Cook County confirming a decision of the Illinois Industrial Commission (Commission) awarding attorney fees pursuant to section 16 of the Workers' Compensation Act (Act) (820 ILCS 305/16 (West 1994)) at a rate of 20% of awarded compensation. This matter was considered by the Commission on remand from this court, which directed the Commission to take evidence in its determination to award section 16 attorney fees. *Stephens v. Industrial Comm'n*, 246 Ill. App. 3d 1113 (1993) (unpublished order under Supreme Court Rule 23). Respondent employer is the County of Cook. The Commission has filed a responsive brief in this appeal.

The issues raised on appeal are whether (1) Commission rule 7080.10(a)(1) (50 Ill. Adm. Code § 7080.10(a)(1) (1985)) is a valid rule (820 ILCS 305/16a (West 1994)); (2) as a matter of law, the award of attorney fees was defective because the Commission misinterpreted sections 16 and 16a of the Act; (3) the Commission finding that the expending of 120 hours of post-Commission litigation was not extraordinary service was against the manifest weight of the evidence; and (4) the Commission improperly refused to reimburse claimant for attorney fees paid to recover benefits and medical expenses

withheld by respondent in violation of sections 19(k) and 16 of the Act (820 ILCS 305/19(k) (West 1994)). We affirm.

Claimant, a correctional officer, was injured on February 3, 1987, when she fell while chasing an inmate. On July 8, 1988, the arbitrator awarded claimant benefits and penalties under section 19(l) of the Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(l)) for respondent's delay in paying temporary total disability (TTD). Both parties sought review before the Commission, but respondent's petition for review was dismissed on respondent's motion, which indicated claimant had been paid. The Commission denied claimant's request for additional attorney fees and penalties because claimant failed to prove respondent's delay in paying TTD after the arbitrator's decision was unreasonable and without good cause. The circuit court found the Commission had improperly imposed upon claimant the burden of proving that the respondent's filing of a petition for review was vexatious and unreasonable under the circumstances. The cause was remanded for the Commission to consider section 19(l) penalties, additional compensation pursuant to section 19(k) (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(k)), and section 16 attorney fees (Ill. Rev. Stat. 1987, ch. 48, par. 138.16).

On remand from the circuit court, the Commission denied the respondent's request for a *de novo* hearing and found that respondent had failed to present any evidence that the 65-day delay in paying the award was reasonable; that the payment came after repeated delays in paying TTD; and the explicit mandate of the Act to provide prompt, sure, and definite compensation was contravened. The Commission awarded $5,322.78 in additional compensation pursuant to section 19(k) of the Act, $1,064.76 (20% of the 19(k) penalty) in attorney fees pursuant to section 16 of the Act, and $650 in penalties pursuant to section 19(l) of the Act. The circuit court confirmed the decision. This court reversed and remanded solely on the issue of whether the allowance of attorney fees pursuant to section 16 of the Act was adequate. This court found that the Commission did not have any evidence as to time expended and value of services provided by claimant's attorney and the award of 20% of the amount of section 19(k) penalty was arbitrary and against the manifest weight of the evidence. The cause was remanded to the Commission for an evidentiary hearing to determine the amount of attorney fees, if any, to be awarded claimant pursuant to section 16 of the Act. The order of this court did not direct the Commission to award or deny attorney fees, but required the Commission to conduct an evidentiary hearing. *Stephens*, 246 Ill. App. 3d 1113 (slip order at 5-6) (1993) (unpublished order under Supreme Court Rule 23).

Following the most recent remand, claimant's attorney, Ivan M. Rittenberg, sought a total of $48,400 in attorney fees for the time expended following the Commission's initial decision. Claimant's attorney used a $200-per-hour rate and a multiplier of two because, in his opinion, the work performed was significant, important, and contingent on a vindication of the Act. Claimant has apparently dropped the multiplier on appeal.

On the issue of attorney fees, the Commission's decision stated:

"Based on the facts of this case it is clear that Petitioner's attorney diligently pursued the issue of penalties due the Petitioner for the unreasonable 65[-]day delay caused by the Respondent in payment of [TTD] benefits. It is equally clear that it was only through the efforts of Petitioner's attorney in appealing this matter through the Commission and into the circuit court that justly deserved [§ ]§ 19(k) and (l) penalties were obtained for the benefit of the Petitioner. However, this case represents no truly unique legal questions and constitutes nothing more than a Workers' Compensation case where the Petitioner had to earnestly pursue justifiable penalties. The purpose of § 19(k) penalties is to protect the injured worker by penalizing the employer for vexatious and unreasonable conduct. The purpose of awarding attorneys' fees as a penalty under § 16 is to relieve the Petitioner of the responsibility for paying the attorney's fees he would otherwise be obligated to pay. Allowing the increase of fees based on a quantum meruit theory is not warranted. There is nothing in the experience of the Commission that leads to the belief that attorneys are unwilling to represent injured workers if they are paid fees at the rate established by the Act. Fees based on quantum meruit constitute an unreasonable cost burden on the system. In a vexatious case involving § 16, fees may be awarded on all compensation. A fee should not exceed what the Petitioner would have had to pay or 20% of the total award due."

In confirming the Commission's decision, the circuit court quoted sections 16 and 16a(A) and (B) of the Act (820 ILCS 305/16, 16a(A), (B) (West 1994)), section 7080.10(a)(1) of the Commission's rules, *Spinak, Levinson & Associates v. Industrial Comm'n*, 209 Ill. App. 3d 120, 125, 568 N.E.2d 41, 44 (1990), and *Muller v. Jones*, 243 Ill. App. 3d 711, 713, 613 N.E.2d 271, 272-73 (1993). The circuit court reasoned that to require the respondent to pay the attorney fees requested by claimant would pay Rittenberg far in excess of the value of his services to claimant. According to the circuit court, the fact that time and effort were expended beyond that contemplated by claimant's attorney was a circumstance which the attorney must bear. The circuit court concluded, "To decide otherwise would encourage protracted

litigation in the pursuit of penalties, with minimal benefit accruing to the claimant." Noting that, in *Muller*, it was stated that the legislature contemplated that the fee schedule under the Act included compensation for prosecuting a judicial review, the circuit court found the Commission's finding of the reasonableness of the fees awarded and the implicit finding of no extraordinary service were not against the manifest weight of the evidence.

■ We first address whether Commission rule 7080.10(a)(1) is a valid rule. Claimant admits that this issue was raised for the first time in this case in this appeal because the circuit court referred to the rule. Although respondent and the Commission do not argue that the issue is waived, an issue not raised before the Commission is waived. *Taylor Coal Co. v. Industrial Comm'n*, 301 Ill. 381, 387-88, 134 N.E. 169, 171 (1922).

In any event, it is unnecessary to consider the validity of this rule in this case. The rule in question states, in relevant part:

"Whether a dispute has arisen between a Petitioner and his attorney or former attorney concerning the amount of payment of fees for services rendered or reimbursement of costs incurred in the prosecution of a claim, or a claim is made for fees in excess of the fees provided in Section 16(a) [*sic*] of the Workers' Compensation Act for extraordinary services, either the Petitioner or his attorney or former attorney may file with the Commission a Petition to Fix Fees which shall set forth the facts surrounding the dispute and the relief requested." 50 Ill. Adm. Code § 7080.10(a)(1), at 5749 (1985).

Although claimant argues that the term "for extraordinary services" is a substantive limitation on sections 16 and 16a of the Act which the Commission is without authority to create, it is obvious that the rule pertains to disputes over the amount of attorney fees which arise between a claimant and the claimant's attorneys, and not in the situation that is presented in the case at bar.

■ The next issue is whether, as a matter of law, the award of attorney fees was defective because the Commission misinterpreted sections 16 and 16a of the Act. Section 16 of the Act provides that the Commission has the power to determine the reasonableness and fix the amount of attorney fees. Then this section adds in a separate paragraph:

"Whenever the Commission shall find that the employer, his or her agent, service company or insurance carrier has been guilty of delay or unfairness towards an employee in the adjustment, settlement or payment of benefits due such employee within the purview of the provisions of paragraph (c) of Section 4 of this Act; or has been guilty of unreasonable or vexatious delay, intentional

under-payment of compensation benefits, or has engaged in frivolous defenses which do not present a real controversy, within the purview of the provisions of paragraph (k) of Section 19 of this Act, the Commission *may* assess all or any part of the attorney's fees and costs against such employer and his or her insurance carrier." (Emphasis added.) 820 ILCS 305/16 (West 1994).

Section 16a states in relevant part:

"(A) In the establishment or approval of attorney's fees in relation to claims brought under this Act, the Commission shall be guided by the provisions of this Section and by the legislative intent, hereby declared, to encourage settlement and prompt administrative handling of such claims and thereby reduce expenses to claimants for compensation under this Act.

(B) With respect to any and all proceedings in connection with any initial or original claim under this Act, no claim of any attorney for services rendered in connection with the securing of compensation for an employee or his dependents, whether secured by agreement, order, award or a judgment in any court shall exceed 20% of the amount of compensation recovered and paid, unless further fees shall be allowed to the attorney upon a hearing by the Commission fixing fees, and subject to the other provisions of this Section." 820 ILCS 305/16a(A), (B) (West 1994).

In section 16a, the legislature set the amount of attorney fees that may be obtained at 20% of an award, unless the Commission allows further fees. If a section 19(k) additional award is found by the Commission, the Commission may assess attorney fees of the claimant against the respondent under section 16 of the Act. It is clear from the language of these sections of the Act that further fees would not be awarded simply because a claimant's attorney asked for them. The Commission was left to determine when such fees would be appropriate. Section 16a(B) evidences a legislative intent that, generally, 20% of the award is the maximum fee. Moreover, section 16a(I) states the attorney fees are payable from the award. 820 ILCS 305/16a(I) (West 1994). In the context of section 16a, which applies primarily to disputes between claimants and claimants' attorneys, the legislature did not envision a claim for attorney fees in excess of an award, as is requested here.

■ Here, claimant's attorney wants to use the provision in section 16 allowing the Commission the prerogative to order the respondent to pay claimant's attorney fees as a method of obtaining a "punitive" award in the form of attorney fees by allowing the Commission to order the respondent to pay more attorney fees than those for which the claimant would be liable. The plain language of the sections of the Act relied on by claimant do not support reading such a provision

into the Act. The purpose of these sections of the Act is to provide relief to the claimant, not to provide a method whereby claimant's attorneys can obtain increased fees.

Although we have determined that section 16a does not directly pertain to the situation presented in this case, the Commission could look to section 16a in determining the reasonableness of attorney fees to be awarded under section 16. In section 16a, the legislature has expressed a public policy to generally limit attorney fees in workers' compensation cases to 20% of the award.

The above reasoning necessarily leads to the third issue, whether the Commission's finding as to the amount of attorney fees which respondent was required to pay was against the manifest weight of the evidence. There are burdens and benefits for attorneys representing claimants in workers' compensation cases. In any case, an attorney may be required to pursue the matter to the highest court for resolution. However, the Act does not provide that an attorney is to be paid for judicial review separate and apart from the Act's general provisions relating to attorney fees. *Muller*, 243 Ill. App. 3d at 713, 613 N.E.2d at 272-73.

■ When a clear and unambiguous express contract exists, *quantum meruit* cannot be used to recover attorney fees. *Muller*, 243 Ill. App. 3d at 712, 613 N.E.2d at 272; *Spinak*, 209 Ill. App. 3d at 125, 568 N.E.2d at 44. Claimant does not suggest there was no express contract for fees between her and her attorney for representation in this workers' compensation case. See 820 ILCS 305/16a(C) (West 1994). At oral argument, claimant's attorney stated that *quantum meruit* is not the basis on which recovery is sought in this case. We agree. Claimant's attorney seeks a recovery which is punitive in nature. However, in determining the amount of attorney fees to tax against respondent, the Commission may, by analogy, look to other legal principles which bear on a determination of the reasonableness of the fees sought to be recovered by claimant.

■ The determination of the reasonableness of the amount of attorney fees is a question of fact for the Commission which will not be overturned unless it is contrary to the manifest weight of the evidence. *Augustine v. Industrial Comm'n*, 239 Ill. App. 3d 561, 573, 607 N.E.2d 229, 237 (1992). Before the Commission in this case, claimant asked that attorney fees be set at $200 per hour for 120 hours of post-Commission litigation, then multiplied the resultant amount by two because of the significance of the case. The Commission specifically found this case presented no truly unique legal question even though claimant had to earnestly pursue justifiable penalties.

Courts will not substitute their judgments for that of the Com-

mission simply because different inferences could have been drawn. *Brady v. Louis Ruffolo & Sons Construction Co.*, 143 Ill. 2d 542, 549, 578 N.E.2d 921, 924 (1991). The Commission's decision in this case is not against the manifest weight of the evidence.

■ The final issue is whether the Commission improperly refused to reimburse claimant for attorney fees paid to recover benefits and medical expenses withheld by respondent in violation of sections 19(k) and 16 of the Act. The Commission did not refuse to order respondent to pay attorney fees, but ordered payment of less than claimant's attorney thought he deserved.

In her reply brief, claimant has also raised for the first time in this appeal an argument that the Commission's action violated her rights to equal protection and due process and made a request that this court take judicial notice of the annual reports of the Commission. Because these arguments were improperly raised for the first time in the reply brief (155 Ill. 2d R. 341(g)), they will not be addressed.

The order of the circuit court of Cook County confirming the decision of the Commission is affirmed.

Affirmed.

RAKOWSKI, COLWELL, HOLDRIDGE and RARICK, JJ., concur.