SAL DeSALVO, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Shippers Dispatch, Appellee (Ganan and Shapiro, P.C., Petitioner-Appellant)).

First District (Industrial Commission Division)   No. 1—98—2477WC

Opinion filed August 31, 1999.

Richard Lee Stavins, of Robbins, Salomon & Patt, Ltd., of Chicago, for appellant.

Scott D. DeSalvo, of Segel & Siegel, of Chicago, for appellees.

JUSTICE RAKOWSKI delivered the opinion of the court:

Petitioner, Ganan & Shapiro, P.C., represented claimant, Sal DeSalvo, in a workers' compensation action. After all matters in that proceeding were complete, Ganan & Shapiro filed a petition before the Industrial Commission (the Commission) seeking attorney fees of 40% of claimant's award pursuant to section 16a(B) of the Workers' Compensation Act (the Act) (820 ILCS 305/16a(B) (West 1996)). After briefing and hearing, the Commission awarded Ganan & Shapiro 20% attorney fees. The circuit court confirmed, finding that Ganan & Shapiro failed to demonstrate any extraordinary services. On appeal, Ganan & Shapiro contends that the Commission's decision reflects it was unaware it had discretion to award fees in excess of 20%. Ganan & Shapiro asks us to remand to the Commission for consideration of its fee petition. Claimant, on the other hand, contends that the issue is

whether the Commission's decision awarding 20% attorney fees is against the manifest weight of the evidence. We conclude that the Commission had authority to award attorney fees in excess of 20%, that the Commission was aware of this authority, and that the Commission did not abuse its discretion in refusing to award attorney fees in excess of 20%. Accordingly, we affirm.

## BACKGROUND

DeSalvo was injured on May 12, 1976, while working for employer Shippers Dispatch, and he retained Ganan & Shapiro as his attorney. In 1981, the arbitrator awarded claimant temporary total disability benefits (TTD), medical benefits, and permanent disability to the extent of 65% of the person as a whole. Employer filed a petition for review before the Commission, which was dismissed in 1982. In 1983, Ganan & Shapiro filed a section 19(h) and section 8(a) petition on behalf of claimant. The Commission rendered an award in 1990. It confirmed the arbitrator's award of TTD benefits and medical benefits but increased claimant's disability award to total permanent disability. This award was confirmed by the circuit court in 1993 and affirmed by this court in 1994 (*DeSalvo v. Industrial Comm'n*, No. 1—93—3163 (1994) (unpublished order under Supreme Court Rule 23)). After we affirmed, Ganan & Shapiro filed a petition for attorney fees of 40% of the award. After briefing and a hearing, the Commission awarded Ganan & Shapiro fees in the amount of 20% of the award.

The fee award was confirmed by the circuit court. The circuit court stated that, although an attorney may be awarded more than 20% in fees where the services provided are extraordinary, citing *Spinak, Levinson & Associates v. Industrial Comm'n*, 209 Ill. App. 3d 120 (1990), and Rule 7080.10(a)(1) (50 Ill. Adm. Code § 7080.10(a)(1) (1996)), Ganan & Shapiro failed to present evidence that its activities were extraordinary. The court further found that the Commission was aware it could award fees in excess of 20%.

## DISCUSSION

Ganan & Shapiro contends that the only issue before this court is whether the Commission had discretion to award fees of more than 20%. On the other hand, DeSalvo contends that the only issue is whether the Commission's decision awarding 20% attorney fees was against the manifest weight of the evidence. Actually, there are three questions before this court: (1) Does the Commission have authority to award fees of greater than 20%? (2) If so, was the Commission aware of its discretion to do so? and (3) Is the Commission's decision to deny fees in excess of 20% an abuse of discretion? We address the first two questions together.

## I. ABILITY TO AWARD GREATER THAN 20% ATTORNEY FEES

Ganan & Shapiro contends that the Commission was not aware it had discretion to award attorney fees in excess of 20% by relying on certain language of the Commission's order. Therefore, it seeks a remand to the Commission for consideration of its fee petition.

■ Section 16a(B) of the Act provides:

"With respect to any and all proceedings in connection with any initial or original claim under this Act, no claim of any attorney for services rendered in connection with the securing of compensation for an employee or his dependents, whether secured by agreement, order, award or a judgment in any court shall exceed 20% of the amount of compensation recovered and paid, unless further fees shall be allowed to the attorney upon a hearing by the Commission fixing fees, and subject to the other provisions of this Section. However, except as hereinafter provided in this Section, *in* death cases, *total disability cases* and partial disability cases, *the amount of an attorney's fees shall not exceed 20% of the sum which would be due under this Act for 364 weeks of permanent total disability* based upon the employee's average gross weekly wage prior to the date of the accident and subject to the maximum weekly benefits provided in this Act *unless further fees shall be allowed to the attorney upon a hearing by the Commission fixing fees.*" (Emphasis added.) 820 ILCS 305/16a(B) (West 1996).

In reaching its decision, the Commission first detailed the procedural history of the case, Ganan & Shapiro's activity over that time, and the fact counsel was seeking 40%. It then concluded:

"The Commission notes that § 16a(B) of the Act provides that in a permanent total case, attorneys' fee shall be 20% of the amount received for a maximum period of 364 weeks.

Based on the foregoing, in consort with § 16 and § 16a(B) of the Act, the Commission finds that Petitioner attorney's fee is fixed at 20% of 364 weeks of compensation ***.*"

While no Illinois case has directly addressed the issue, two cases have stated that attorney fees in excess of 20% may be awarded. See *Spinak, Levinson & Associates v. Industrial Comm'n*, 209 Ill. App. 3d 120, 125, 126 (1990) ("section 16a of the Act specifically governs the award of attorney fees and directs the Commission to award fees only in compliance with the terms of the Act," nonetheless, "section 16a(J) does permit the Commission to award attorney fees beyond those specifically enumerated in the Act. By Commission rule, additional fees may be warranted for 'extraordinary' services"). The court in *Stephens v. Industrial Comm'n*, 284 Ill. App. 3d 269 (1996), was even more specific. It stated: "In section 16a, the legislature set the amount

of attorney fees that may be obtained at 20% of an award, unless the Commission allows further fees." *Stephens*, 284 Ill. App. 3d at 274. The court went on to state it was clear from the Act:

> "[T]hat further fees would not be awarded simply because a claimant's attorney asked for them. The Commission was left to determine when such fees would be appropriate. Section 16a(B) evidences a legislative intent that, generally, 20% of the award is the maximum fee." *Stephens*, 284 Ill. App. 3d at 274.

■ Additionally, as the circuit court pointed out, the Commission has promulgated a rule concerning attorney fees contests. This rule states:

> "Whether a dispute has arisen between a Petitioner and his attorney or former attorney concerning the amount of payment of fees for services rendered or reimbursement of costs incurred in the prosecution of a claim, *or a claim is made for fees in excess of the fees provided in Section 16(a)* of the Workers' Compensation Act *for extraordinary services*, either the Petitioner or his attorney or former attorney may file with the Commission a Petition to Fix Fees which shall set forth the facts surrounding the dispute and the relief requested." (Emphasis added.) 50 Ill. Adm. Code § 7080.10(a)(1) (1996).

We find the statutory language clear. "[I]n \*\*\* total disability cases \*\*\* the amount of an attorney's fees shall not exceed 20% of the sum which would be due under this Act for 364 weeks of permanent total disability \*\*\* unless further fees shall be allowed to the attorney upon a hearing by the Commission fixing fees." 820 ILCS 305/16a(B) (West 1996). A 20% award is the general rule. However, the Commission may award a greater percentage when the case warrants it, *i.e.*, when the services are extraordinary. This conclusion is further supported by the above two cases and the Commission's rule.

The question then is, was the Commission aware of its discretion in the instant case? The language used by the Commission in its order does not readily lead to a clear answer. As Ganan & Shapiro argues, one could interpret the statements to find that the Commission did not believe it had discretion to award in excess of 20% and, instead, was limited to that percentage. This, however, does not appear to be a logical conclusion. First, the Commission has in the past awarded fees in excess of 20%. See *Augustine v. Industrial Comm'n*, 239 Ill. App. 3d 561 (1992). Second, as DeSalvo points out, if the Commission did not know and believe it had authority to award more than 20%, why would it conduct a hearing? If the Commission believed it was only authorized to award 20%, there would be no reason or basis for holding a fee hearing. It simply would have awarded 20% and been finished with the matter. Similarly, the transcript from the hearing shows that

counsel was allowed to argue the issue and claimant then presented evidence. The Commission then asked counsel if it had anything further. After being advised that it did not, the Commission took the matter under advisement. The Commission did not immediately rule upon the issue. Proceeding in this manner seems inconsistent with counsel's contention that the Commission did not know it had authority to award fees in excess of 20%.

Further, we must presume the Commission was aware of section 16(a)(B), the case law interpreting this section, and, most importantly, its own Rule 7080.10(a)(1). Finally, the Commission is presumed to follow the law. Thus, while the language in the Commission's order is neither clear nor definitive, we find it was not unreasonable for the circuit court to conclude that the Commission was aware of its authority to award fees in excess of 20%, but declined to do so based on the facts presented to it.

## II. PROPRIETY OF ATTORNEY FEES AWARD

■ The remaining question is whether the Commission's decision denying fees in excess of 20% was an abuse of discretion. Although the claimant contends the standard of review is the manifest weight of the evidence, we note that reported cases on attorney fees in workers' compensation cases utilize both standards. See *McMahan v. Industrial Comm'n*, 183 Ill. 2d 499, 516 (1998) (Commission's decision that facts did not support section 19(k) penalties and section 16 attorney fees was not against the manifest weight of the evidence; no abuse of discretion for Commission to refuse to award penalties and attorney fees under facts of case); *Stephens v. Industrial Comm'n*, 284 Ill. App. 3d 269, 275 (1996) (determination of reasonableness of attorney fees is question of fact that will not be overturned unless against the manifest weight of the evidence); *Augustine v. Industrial Comm'n*, 239 Ill. App. 3d 561, 574 (1992) (award of attorney fees under section 16a(B) was not against the manifest weight of the evidence nor does anything in the record show that the Commission abused its discretion in fixing fees greater than 20%); *Spinak, Levinson & Associates v. Industrial Comm'n*, 209 Ill. App. 3d 120, 127 (1990) (Commission did not abuse its direction in determining counsel was not entitled to award for extraordinary services). Attorney fees are generally a matter within the sound discretion of the trier of fact. See *Employers Insurance v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 159-60 (1999) (section 155 of Illinois Insurance Code (215 ILCS 5/155 (West 1996))); *In re Marriage of Minear*, 181 Ill. 2d 552, 562 (1998) (dissolution proceeding); *Raintree Health Care Center v. Illinois Human Rights Comm'n*, 173 Ill. 2d 469, 494 (1996) (human rights action); *Lurie v. Canadian Javelin Ltd.*,

93 Ill. 2d 231, 239 (1982) (class action); *Pitts v. Holt*, 304 Ill. App. 3d 871, 872 (1999) (eviction proceeding). We agree that there may be disputed questions of fact in connection with the award of attorney fees, which may even include the question of whether certain services are extraordinary. However, we think the decision to award or refuse to award attorney fees in excess of 20% is more properly judged on an abuse of discretion standard. See *McMahan*, 183 Ill. 2d at 516 (refusing to award penalties and attorney fees under facts of case not an abuse of discretion); *Spinak*, 209 Ill. App. 3d at 127 (Commission did not abuse its discretion in determining that counsel was not entitled to further attorney fees for extraordinary services).

■ The circuit court was absolutely correct in stating that Ganan & Shapiro's petition for fees is factually insufficient. It recites the procedural history of the case from 1977 until 1994, stating that it has performed various services over those 17 years. The petition then states Ganan & Shapiro procured all medical records during the proceedings, engaged in voluminous correspondence, and made numerous telephone calls. This is all. In its brief to this court, Ganan & Shapiro identifies 27 general services it rendered.

We find, however, that a majority, if not all, of the services identified by Ganan & Shapiro were routine services, *e.g.*, filing of application for benefits, review of decisions from the relevant agencies and reviewing courts, preparation of briefs for review, attendance at hearings and arguments, presentation of evidence, review of opposing documents, etc. These are all services required of every workers' compensation attorney. The only nonroutine features were the filing of the motion to dismiss review in the circuit court based on the fact an attorney signed the review bond and the length of time it took to prosecute the case. At the time the motion to dismiss was before the circuit court, the precise issue was apparently not yet fully resolved. Although claimant cited *Illinois Armored Car Corp. v. Industrial Comm'n*, 205 Ill. App. 3d 993 (1990) (finding that circuit court lacked jurisdiction because employer did not sign bond), in its brief, the case was nonetheless held in abeyance for approximately two years which, according to employer, was due to the fact the court was awaiting resolution of the issue. A definitive answer came from the supreme court in September of 1992 when it decided *Deichmueller Construction Co. v. Industrial Comm'n*, 151 Ill. 2d 413 (1992). With regard to the 17 years it took to prosecute the case, excluding review to the circuit court and this court on the issue of attorney fees, this matter was before the arbitrator for four years following the filing of the application for adjustment of claim and one year before the Commission on review before being dismissed. Claimant then filed a petition pursuant

to sections 19(h) and 8(a) for additional benefits. This petition took seven years for the Commission to resolve. It was three years after testimony and evidence had been presented that the Commission issued its decision. Employer then sought review to the circuit court, which took three years, and review to this court took another year. Finally, counsel's petition for attorney fees was before the Commission for approximately one year. While the duration of a proceeding is a relevant factor, a long duration, in and of itself, is not sufficient to render services extraordinary. Additionally, while there is evidence this matter was ongoing for 17 years, there is no evidence regarding attorney hours expended during that time.

Further, Ganan & Shapiro failed to identify *any* detail in its petition for fees. This is a basic requirement for fee petitions. " '[T]he party requesting fees bears the burden of presenting sufficient evidence from which the trial court can render a decision as to their reasonableness. [Citations.]' " *Sampson v. Miglin*, 279 Ill. App. 3d 270, 281 (1996), quoting *Chicago Title & Trust Co. v. Chicago Title & Trust Co.*, 248 Ill. App. 3d 1065, 1072 (1993). Ganan & Shapiro did not set forth the nature of the services performed, the time spent on any services, or who performed what services. It simply has not met its burden of demonstrating that a fee of more than 20% is reasonable based on the extraordinary nature of any services.

Based on the above, we find that the Commission's refusal to award in excess of 20% attorney fees is not an abuse of discretion based on the evidence presented.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court confirming the Commission's decision is affirmed.

Affirmed.

McCULLOUGH, P.J., and COLWELL, HOLDRIDGE, and RARICK, JJ., concur.