SECOND DIVISION

October 23, 2001

No. 1-99-3829

JAMES CLAY, ) 

 ) Appeal from the
 

Plaintiff, ) Circuit Court of
 

) Cook County.

v. ) 

)

COUNTY OF COOK, ) 

) 

Defendant-Appellee, )

) Honorable

and ) Julia M. Nowicki,

) 
Judge Presiding.

MARK G. SLUTSKY, ) 
 

)

Petitioner-Appellant. )

OPINION UPON DENIAL OF REHEARING

JUSTICE GORDON delivered the opinion of the court:

Petitioner-Appellant Mark G. Slutsky (Slutsky) appeals from an order of the circuit court of Cook County awarding him additional attorney fees pursuant to section 2-1114 of the Code of Civil Procedure (735 ILCS 5/2-1114 (West 1998)) for performing extraordinary services in a medical malpractice action but awarding him a fee of less than one-third of the recovery in that case.  On appeal, Slutsky argues that an award of additional attorney fees pursuant to section 2-1114 is reviewed under the manifest weight of the evidence standard and that the trial court's refusal to award him one-third of the settlement was against the manifest weight of the evidence.  We affirm.

BACKGROUND

On February 18, 1984, James Clay (Clay), the plaintiff in the underlying medical malpractice litigation, was stabbed on the right side of his face and taken to Cook County Hospital for treatment.  During the course of his treatment, he developed a condition which rendered him a quadriparetic.  Clay subsequently retained several attorneys to represent him in a medical malpractice action against the county.  Those attorneys filed suit on Clay's behalf and later voluntarily dismissed the lawsuit when they failed, after an exhaustive search, to find an expert who would testify that the county, through its agents, deviated from the standard of care in treating Clay.

Clay subsequently retained Slutsky to represent him in place of the attorneys whom he had earlier retained and who were unable to secure an expert witness.  Slutsky apparently found an expert witness favorable to Clay and subsequently secured a settlement of three million dollars.  On June 2, 1999, Slutsky filed a verified petition for attorney fees and filed an amended verified petition on June 22, 1999.  In these petitions, Slutsky sought additional compensation beyond the maximum normally allowed by law in a medical malpractice action where an attorney does not provide extraordinary services.
(footnote: 1) 735 ILCS 5/2-1114 (West 1998).  Slutsky argued that he had performed extraordinary services and sought a fee of one-third of the gross recovery or $337,500 more than he would otherwise receive pursuant to section 2-1114. 

In his amended verified petition, Slutsky contended that the case was complex and difficult.  He contended that he spent an inordinate amount of time attempting to develop theories of recovery and in locating experts who would testify in Clay's favor.  Slutsky stated that he would provide, 
in camera
, a list of some of the doctors he contacted in an attempt to procure an expert witness.  Slutsky alleged that he spent over 2000 hours on the case and that approximately $114,000 was spent on preparation and prosecution of the case. 

Slutsky averred that the difficulty of Clay's malpractice case was magnified by several decisions of Clay's prior attorneys which prevented the case from proceeding against several of the doctors involved.  In addition, one of the doctors involved was never located.  Furthermore, the films which might have provided evidence of malpractice from a test which was performed on Clay while he was still a patient at Cook County Hospital could not be found.  Slutsky stated that he was frustrated in asserting a cause of action against Cook County Hospital based on spoilation of evidence on the basis of these lost films because of the time that had elapsed between the test and his taking the case.

Slutsky attached several affidavits to his petition.  The first affidavit was of Clay, his client.  Clay averred that he thought a fee of one-third of the amount recovered was "extremely fair."  The second affidavit was from Peter J. Troy, an attorney who represented the opposing parties in Clay's medial malpractice action.  Troy averred that the case was very difficult for the plaintiff; that Slutsky's representation of Clay "consisted of extraordinary services involving more than usual participation, time and effort;" and that a fee of one-third of the recovery would be fair and reasonable.  The third affidavit was from Peter Behnke, one of the attorneys whom Clay initially retained before he retained Slutsky.  Behnke averred that he contacted numerous physicians in an attempt to find an expert witness, but could not find a single one due to the complexity of the case.  As a result, Behnke dismissed the case.  Behnke also averred that due to the complexity of the case and the extraordinary result obtained, Slutsky's representation of Clay constituted the performance of extraordinary services and that a contingent fee of one-third was appropriate.

The trial court found that Slutsky had performed extraordinary services and awarded him additional compensation in the amount of $138,000, over and above the normal fee under section 2-1114.  No transcript of the hearing in which this determination was made is present in the record.  Slutsky subsequently filed a motion to reconsider.  Apparently Slutsky attached three additional affidavits to his motion to reconsider.  These affidavits from Arthur Sullivan, Dom J. Rizzi and Seymour Simon, all former judges, contended that a one-third contingent fee would be reasonable in this case because of the complexity of the case and the amount of work required.
(footnote: 2)  The motion to reconsider was denied and no transcript of the hearing on the motion to reconsider is present in the record either.  This appeal followed.

ANALYSIS

We must first resolve the issue of what standard of review applies in this appeal.  Slutsky contends that the standard of review under section 2-1114 is to determine if the court's decision is against the manifest weight of the evidence.  Upon this premise, Slutsky contends that the trial court's decision in the case at bar was against the manifest weight of the evidence.  Slutsky, however, has not presented and our research has not revealed any case specifically addressing the standard of review for a fee enhancement under section 2-1114.  However, we find this court's decision in 
DeSalvo v. Industrial Commission
, 307 Ill. App. 3d 628, 718 N.E.2d 572 (1999), to be
 highly analogous and persuasive, although it was decided under a different statute.  

In 
DeSalvo
 the court held that a refusal by the Industrial Commission to award additional fees in excess of 20% of the recovery for extraordinary services by an attorney is reviewed for an abuse of discretion.  
DeSalvo
, 307 Ill. App. 3d at 634, 718 N.E.2d at 576.  In 
DeSalvo
 the court construed section 16a of the Workers' Compensation Act (820 ILCS 350/16a (West 1994)), which, 
inter alia
, limits attorney fees in workers' compensation cases to 20% of the amount recovered unless the Industrial Commission awards further fees.  Concomitantly, the court construed an Industrial Commission rule stating that further fees in excess of the standard 20% contingent fee may be awarded when the attorney provides "extraordinary services."  
DeSalvo
, 307 Ill. App. 3d at 632, 718 N.E.2d at 574 (citing 50 Ill. Adm. Code 7080.10(a)(1)(1996)).  The court held that the Industrial Commission may thus award fees in excess of the 20% limit when an attorney performs extraordinary services.  

The court then addressed the question of what standard of review applied to an appeal of a decision by the Industrial Commission refusing to award fees for such extraordinary services.  The 
DeSalvo
 court rejected the contention that it should be governed by the manifest weight of the evidence standard.  The 
DeSalvo
 court reasoned that since the abuse of discretion standard is generally applied to awards of attorney fees in other contexts, it should apply in the worker's compensation context as well.  The court stated that "[w]e agree that there may be disputed questions of fact in connection with the award of attorney fees, which may even include the question of whether certain services are extraordinary.  However, we think the decision to award or refuse to award attorney fees in excess of 20% is more properly judged on an abuse of discretion standard."  
DeSalvo
, 307 Ill. App. 3d at 634, 718 N.E.2d at 576; accord 
Spinak, Levinson & Associates v. Industrial Commission
, 209 Ill. App. 3d 120, 127, 568 N.E.2d 41 (1990) (holding the Commission to an 
abuse of discretion
 standard in finding that a law firm was not entitled to additional fees for "extraordinary" services).

We agree with 
DeSalvo
 since, as articulated in 
DeSalvo
, that same standard is generally applied to a review of judicially awarded attorney fees.  See, 
e.g.
,  
In re Estate of Callahan
, 144 Ill. 2d 32, 43-44, 578 N.E.2d 985, 990 (1991) (award of fees to discharged attorney under 
quantum meruit
 reviewed for abuse of discretion); 
In re Marriage of Bussey
, 108 Ill. 2d 286, 299-300, 483 N.E.2d 1229, 1235 (1985) (award of attorney fees in dissolution action reviewed for abuse of discretion); 
Lewis X. Cohen Insurance Trust v. Stern
, 297 Ill. App. 3d 220, 233, 696 N.E.2d 743, 752 (1998) (award of attorney fees to prevailing plaintiff in action for breach of stock purchase agreement reviewed for abuse of discretion); 
Alcantar by Alcantar v. People's Gas Light & Coke Co.
, 288 Ill. App. 3d 644, 651, 681 N.E.2d 993, 997 (1997) (award of attorney fees to defendant gas company due to baseless suit brought against it reviewed for abuse of discretion); 
Perlman v. Time, Inc.
, 133 Ill. App. 3d 348, 355, 478 N.E.2d 1132, 1138 (1985) (award of attorney fees in a class action reviewed for abuse of discretion).

This holding is also consistent with our holding in 
Anderson v. Anchor Organization for Health Maintenance
, 274 Ill. App. 3d 1001, 654 N.E.2d 675 (1995).  The 
Anderson
 court applied the abuse of discretion standard when it reviewed an award of attorney fees to a discharged attorney in a medical malpractice action.  The discharged attorney was awarded fees in 
quantum meruit
.  The trial court also awarded the attorney an additional fee enhancement because, among other things, the award in 
quantum meruit
 was not a fair proportion of the total fees recovered by attorneys in the case.  The court reversed the award of additional fees and reviewed both the award of fees in 
quantum meruit
 and the fee enhancement under an abuse of discretion standard stating, "[a]s in any appeal from a discretionary ruling, our function on review is not to determine if the trial court wisely exercised its discretion, but only to determine if that discretion was abused."  
Anderson
, 274 Ill. App. 3d at 1007, 654 N.E.2d at 681.  See also, 
Cole v. Bartels
, 4 P. 3d 956, 958 (Alaska 2000) (holding that an award of enhanced fees under Alaska Rule of Civil Procedure 82, which provides that a prevailing party shall be awarded fees in the amount of a fixed percentage of a money judgement unless enhanced, is reviewed for an abuse of discretion).

As noted, Slutsky has not presented any case law which articulates the standard of review specifically applicable to an award of attorney fees under section 2-1114.  Slutsky nevertheless urges that this court follow two cases which held that fee awards by the Industrial Commission should be reviewed under the manifest weight of the evidence standard.  Those cases are, 
Stephens v. Industrial Commission
, 284 Ill. App. 3d 269, 275, 671 N.E.2d 763, 767 (1996), and 
Augustine v. Industrial Commission
, 239 Ill. App. 3d 561, 573-74, 607 N.E.2d 229, 237 (1992). 

We do not find these cases to be persuasive.  First, in 
Augustine
, the court did not commit to the manifest weight of the evidence standard but appears to straddle the fence by also applying the abuse of discretion standard.  
Augustine
, 239 Ill. App. 3d at 574, 607 N.E.2d at 237 ("Nothing in the record suggests that the court 
abused its discretion
 in fixing a fee of ***" (emphasis added)).  While 
Stephens
 applies only the manifest weight of the evidence standard, it relies on 
Augustine
 as its sole authority for that standard.  
Stephens
, 284 Ill. App. 3d at 275, 671 N.E.2d at 767.  Secondly, and more overridingly, 
Augustine
 and 
Stephens
 provide no analysis to support the adoption of the manifest weight of the evidence standard over the abuse of discretion standard.  
DeSalvo
, on the other hand, offers a cogent reason with which we agree.  As articulated in 
DeSalvo
, there is no apparent reason to depart from the general rule applied to an award of attorney fees, which, as indicated are reviewed under an abuse of discretion standard.  See, 
e.g.
, 
Callahan
, 144 Ill. 2d at 43-44, 578 N.E.2d at 990; 
Bussey
, 108 Ill. 2d at 299-300, 483 N.E.2d at 1235; 
Cohen Insurance Trust
, 297 Ill. App. 3d at 233, 696 N.E.2d at 752; 
Alcantar
, 288 Ill. App. 3d at 651, 681 N.E.2d at 997; 
Perlman
, 133 Ill. App. 3d at 355, 478 N.E.2d at 1138.  As in the forgoing cases, we find the abuse of discretion standard all the more appropriate under section 2-1114 since the statute requires a qualitative rather than a quantitative determination, permitting the court to apply its own knowledge and experience to its determination.  
In re Marriage of Sanda,
 245 Ill. App. 3d 314, 319, 612 N.E.2d 1346, 1349 (1993); 
In re Estate of Miller
, 197 Ill. App. 3d 67, 71, 556 N.E.2d 568, 571 (1990).

We must therefore now address whether the court abused its discretion.  In that respect we first note that Slutsky has neglected to include a transcript of the hearing on his petition for fees in the record on appeal.  An appellant has the burden to present a complete record on appeal and any "doubts which may arise from the incompleteness of the record will be resolved against the appellant."  
Foutch v. O'Bryant
, 99 Ill. 2d 389, 392, 459 N.E.2d 958, 959 (1984).  In "the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis."  
Foutch
, 99 Ill. 2d at 392, 459 N.E.2d at 959.  

"In the absence of a report of the proceedings, particularly when the judgment order states that the court was fully advised in the premises, a reviewing court will indulge in every reasonable presumption favorable to judgment, order or ruling from which an appeal is taken and must presume that the evidence heard by the trial court was sufficient to support the judgment absent any contrary indication in the record."  
Mars v. Priester
, 205 Ill. App. 3d 1060, 1066, 563 N.E.2d 977, 981 (1990).

See also, 
Foutch
, 99 Ill. 2d at 392, 459 N.E.2d at 959 (where no transcript was presented on appeal of the hearing below on a motion to vacate there was no basis to hold that the trial court had abused its discretion in denying the motion).

This court's decision in 
EDN Real Estate Corp. v. Marquette National Bank
, 263 Ill. App. 3d 161, 635 N.E.2d 738 (1994), is directly on point.  In the facts of 
EDN Real Estate
 the plaintiff sued the defendant alleging breach of a lease.  The defendant prevailed on the merits at trial and the trial court awarded the defendants attorney fees pursuant to a section of the lease which provided for their recovery.  On appeal, the plaintiff contended that the trial court's award of attorney fees was excessive.  The court refused to reverse the award, however, because no transcript of the hearing on the fees was present in the record.  The court held that "where the record does not include a report of the proceedings, where the judgment order states that the court found the fees to be reasonable, and where there is no indication to the contrary, it must be presumed that the evidence presented to the trial court supported the judgment."  
EDN Real Estate
, 263 Ill. App. 3d at 167, 635 N.E.2d at 743.

Likewise, in the case at bar, no report of proceedings of the hearing on attorney fees is present in the record.  The order appealed from indicates that the court was "fully advised in the premises."  The order further states that Slutsky had provided extraordinary services and that the additional fee of $138,000 was "an appropriate fee."  We thus presume that the award of attorney fees was adequately supported by the evidence presented to and considered by the trial court.  
EDN Real Estate
, 263 Ill. App. 3d at 167, 635 N.E.2d at 743.  On that basis alone, we would be compelled to decline Slutsky's attempt to reverse the trial court in rendering its attorney fee award.  
EDN Real Estate
, 263 Ill. App. 3d at 167, 635 N.E.2d at 743.

However, even if we were to reach the merits of this issue, nothing in the record before this court indicates that the trial court abused its discretion in its award of attorney fees to Slutsky.
(footnote: 3) 

"An abuse of discretion occurs where no reasonable person would agree with the position adopted by the trial court."  
Schwartz v. Cortelloni
, 177 Ill. 2d 166, 176, 685 N.E.2d 871, 876 (1997); accord 
Romack v. R. Gingerich Co.
, 314 Ill. App. 3d 1065, 1067, 734 N.E.2d 29, 31 (2000).  Thus, a "trial court cannot be said to have abused its discretion if reasonable persons could differ as to its decision."  
In re Adoption of D.
, 317 Ill. App. 3d 155, 160, 739 N.E.2d 109, 113 (2000).

Nothing in the statute requires the court to award an attorney fee of one-third of the recovery in the event that it finds that the attorney rendered extraordinary services.  735 ILCS 5/2-1114 (West 1998).  Rather, the statute provides that the court may approve "additional compensation."  735 ILCS 5/2-1114(c) (West 1998).  The statute thus permits a range of awards for attorneys who perform extraordinary services and not every award of additional fees will result in a fee of the same percentage of the recovery.  The statute recognizes that an attorney may perform and be compensated for extraordinary services without being entitled, or for that matter limited, to one-third of the recovery.  Furthermore, as pointed out, the range of fees awarded under section 2-1114 is not quantified by specific statutory criteria, but is left open ended to the discretion of the trial judge.  Accordingly, there is no reason to assume that the usual factors to be considered by the courts in their discretionary awards of attorney fees generally should not apply to an award of additional attorney fees under section 2-1114. 134 Ill. 2d R. 1.5.

Slutsky concedes that the criteria enumerated in Supreme Court Rule 1.5 may be utilized in evaluating fee awards under the provisions of section 2-1114.  Rule 1.5 provides:  

"The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; 

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; 

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained; 

(5) the time limitations imposed by the client or by the circumstances; 

(6) the nature and length of the professional relationship with the client; 

(7) the experience, reputation and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent." 134 Ill. 2d R. 1.5.

See also 
In re Doyle
, 144 Ill. 2d 451, 581 N.E.2d 669 (1991) (applying the predecessor to Rule 1.5 to determine if a contingent fee was excessive).  Similar factors are generally applied by Illinois courts in determining an appropriate award of attorney fees: 

"In assessing the reasonableness of fees, the trial court should consider a variety of factors, including the skill and standing of the attorneys employed, the nature of the case, the novelty and difficultly of the issues involved, the degree of responsibility required, the usual and customary charge for the same or similar services in the community, and whether there is a reasonable connection between the fees charged and the litigation."  
Chicago Title & Trust Co. v. Chicago Title & Trust Co.
, 248 Ill. App. 3d 1065, 1072, 618 N.E.2d 949, 955 (1993).

Accord, 
Sampson v. Miglin
, 279 Ill. App. 3d 270, 281, 664 N.E.2d 281, 289 (1996); 
Anderson
, 274 Ill. App. 3d at 1008, 654 N.E.2d at 681-82.

While Slutsky has presented extrinsic submissions bearing upon several of these factors, there are certain factors for which no factual support was provided to the trial court.  Moreover, while Slutsky has submitted affidavits with respect to several of these factors, the affidavits are largely conclusory and without itemization or detail.  

Although it is one of the factors to be considered under Rule 1.5 and under 
Chicago Title and Trust
, no evidence whatsoever was presented with regard to Slutsky's skill, reputation or standing in the community.  Along the same vein, the submissions fall short of establishing "the usual and customary charge for the same or similar services in the community."  While several of the affidavits state that the requested fee is "reasonable," Slutsky did not provide the trial judge with any testimony or documentary evidence of other similar instances where the fees were increased to one-third of the recovery.
(footnote: 4)  Moreover, while Slutsky presented several affidavits from distinguished former jurists attesting to the "novelty and difficulty" of the case, it must be noted that Slutsky's skill and mastery of these difficulties was never fully tested in a trial arena, albeit that it led to what has been attested as a favorable settlement.

Even more overridingly, while Slutsky indicates in his petition that he spent over 2000 hours in developing this case, he does not provide any detail as to how those hours were spent.  Slutsky submitted no time sheets or time records of any kind.  While 2000 hours represents a full year of labor (50 40-hour weeks), Slutsky makes no attempt to allocate in any detail how this vast stretch of time was spent in pursuing his experts and in arriving at his theories of recovery.  For example, Slutsky does not indicate how many doctors he contacted or how much time he expended with each of them in order to procure the necessary experts.  While the affidavit of Behnke, Clay's prior counsel, is somewhat more detailed and expansive regarding the various experts whom Behnke contacted in his fruitless attempt to procure an expert, it does not address or disclose whom Slutsky contacted in his efforts to procure experts.  Thus the affidavits which he submits attempt to sweep with a broad brush without specifying or itemizing the full gamut of time and effort which he expended on behalf of Clay.  

We do not, by our analysis of Slutsky's submissions, attempt to minimize or diminish the effort of the petitioner and the result obtained on behalf of his client.  But at the same time we are not unmindful of the fact that the fee in the vicinity of $800,000 which Slutsky was permitted to recover is, in and of itself, substantial and for which substantial expenditure of skill, time and effort may be expected.  While we would not necessarily have felt the need to reverse an award by the trial court of the full one-third of the recovery (as in 
Anderson
), we cannot conclude that the trial judge abused her discretion in awarding the lesser amount of approximately 26.68% of the recovery.  Thus even if a transcript or bystander's report of the trial court's hearing were included in the record we would, based upon the record presented, sustain the trial court's exercise of discretion in limiting the award as it did. 

For the reasons discussed above, the judgement of the circuit court of Cook County is affirmed.

Affirmed.

CAHILL, J. and COUSINS, J., concur.

FOOTNOTES
1:
Section 2-1114 states in relevant part as follows:

"(a) In all medical malpractice actions the total contingent fee for plaintiff's attorney or attorneys shall not exceed the following amounts:

33 1/3% of the first $150,000 of the sum recovered;

25% of the next $850,000 of the sum recovered; and

20% of any amount recovered over $1,000,000 of the sum recovered.

***

(c) The court may review contingent fee agreements for fairness.  In special circumstances, where an attorney performs extraordinary services involving more than usual participation in time and effort the attorney may apply to the court for approval of additional compensation."  735 ILCS 5/2-1114 (West 1998).

 

2:
These affidavits are only present in the appendix to the brief and are not in the record.  They are therefore not properly a part of this record.  
Stuzke v. Illinois Commerce Commission
, 242 Ill. App. 3d 315, 317, 610 N.E.2d 724, 725 (1993) (transcript in appendix to brief is not part of the record under Rule 321); see also 155 Ill. 2d R. 321 (record on appeal shall include the entire trial court record); 
Berdelle v. Carpenter
, 11 Ill. 2d 295, 298. 143 N.E.2d 53, 55 (1957) (where appendix to petition for rehearing contained a transcript which did not appear in the record it could not be considered on appeal).  However, as shall be more fully discussed below, this has no significant impact upon our determination.

3:
Although Slutsky has not directed his arguments that the court erred in not awarding him a fee of one-third of the recovery to the abuse of discretion standard, we will use his arguments directed to the manifest weight of the evidence standard to determine if the court's decision rises to the level of an abuse of discretion.  
Gerber v. Hamilton
, 276 Ill. App. 3d 1091, 1098, 659 N.E.2d 443, 447 (1995) (Rarick, J., dissenting) ("More deference is shown the lower court under the abuse of discretion standard than the manifest weight standard").  Our supreme court has held that manifest weight of the evidence and abuse of discretion are different and distinct standards of review.  
People v. Andrews
, 146 Ill. 2d 413, 428, 588 N.E.2d 1126, 1135 (1992) (trial court's ruling on issue of 
prima facie
 case is reviewed under manifest weight not abuse of discretion standard).  Our supreme court has also recognized that the abuse of discretion standard is "the most deferential standard of review available with the exception of no review at all."  
People v. Coleman
, 183 Ill. 2d 366, 387, 701 N.E.2d 1063, 1074 (1998); M. Davis, 
A Basic Guide to Standards of Judicial Review
, 33 S.D.L.Rev. 469, 470-71 (1988).  If the two standards are different, and abuse of discretion is the most deferential standard available, manifest weight review must therefore be less deferential than abuse of discretion review.

4:
Slutsky does note in his brief one instance in a single case, 
Anderson
, where the trial court apparently approved attorney fees of approximately 37% of the recovery.  
Anderson
, 274 Ill. App. 3d at 1004, 654 N.E.2d at 679.  However, even in that one single instance, there is no indication given as to how many of the factors enumerated herein were satisfied.